## Pavilion Company *v.* Hamilton.

*Foreign corporations—A stockholders' meeting is not a "doing business" within the act of* 1874.

The tests of the application of the Act of April 22, 1874, P. L. 108, prohibiting the doing of business by a foreign corporation without previous registration, are whether the foreign corporation shall have an agent in the state; or shall have offices for the general conduct of the business in the state; or shall conduct its corporate business in the state, or shall have a part of its corporate capital invested in the state. Tried by any or all of these tests a New Jersey corporation, plaintiff, is not brought within the act when its business was the erection of a pavilion in New Jersey, and where the act complained of was the holding of a corporate meeting in Pennsylvania, at which meeting the stock subscription sued on was made.

Argued Oct. 5, 1900. Appeal, No. 79, Oct. T., 1900, by plaintiff, in suit of Wildwood Pavilion Company against M. F. Hamilton, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1897, No. 721, on peremptory nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.

Petition to strike off nonsuit. Before the court in banc.

It appears from the record that the action was assumpsit issued by the Wildwood Pavilion Company, a corporation under the laws of the state of New Jersey, to recover a balance of subscription to its stock amounting to $450. It appears from the evidence that the office, place of business and capital of the company were at Wildwood, New Jersey. The pavilion, it was found, after the work was started, would cost more than the original estimate, and a meeting of stockholders and directors was called at the office of one of their number, No. 203 Walnut street, Philadelphia, to consider what should be done. Those attending the meeting were all Philadelphians and summer residents at Wildwood, and the meeting was called in this city to serve the convenience of all. Those present at the meeting, including defendant, agreed to subscribe for additional stock. All but the defendant, either at that time or subsequently, paid their subscription and received their stock. The defendant refused to pay, and the company instituted these proceedings.

At the first trial of the case verdict was rendered in favor of plaintiff for $476.77. A new trial was granted and an opinion filed by BEITLER, J., reported in 7 Pa. Dist Rep. 747.

On the second trial of the case, following the above cited opinion, a peremptory nonsuit was entered which the court subsequently on motion refused to take off. Plaintiff appealed.

*Error assigned* was refusing to take off nonsuit entered by the trial judge.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellant.—Whatever may have been the object of the legislature in enacting the law, it is difficult to see upon what legal or equitable principle this transaction can be brought within the statute. The requirements of the constitution and statutes are appropriate if the plaintiff was engaged in business, but they are inapt when applied to a single isolated transaction. To require the plaintiff to have an office and an agent, and to file a certificate as a prerequisite to do a single act where there is and can be no purpose to do any other business, would be unreasonable and incongruous.

The agreement to subscribe for the stock was not a doing of business within the ordinary meaning of the term. It was preliminary to the commencement of business: Payson v. Withers, 5 Bissell C. C. 269.

In the cases decided by our courts from Thorne v. Ins. Co., 80 Pa. 15, to Ice Co. v. Armour, 12 Pa Superior Ct. 443, the corporations were engaged in business, commercially or otherwise, and had either offices or places of business or capital within the state.

In Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466, decided since the opinion of the court below, it was held that the constitution and the statute did not apply to corporations that had no office or place of business in Pennsylvania, and no part of their capital here.

These prohibitions are leveled against the act of foreign corporations entering the domestic state by their agents and engaging in a general prosecution of their ordinary business: Delaware & Hudson Canal Co. v. Mahlenbrock, 45 L. R. A. 538; 8 Am. & Eng. Ency. of Law, 346.

*John C. Grady,* for appellee.—When a foreign corporation seeks to enforce a contract made in this state, the burden of proof is upon it to show compliance with our laws in order to recover: Ice Co. v. Armour, 12 Pa. Superior Ct. 443.

The Act of April 22, 1874, P. L. 108, is mandatory, and if the plaintiff, a foreign corporation, did not comply with the 2d section of the act, its business transactions are illegal, and all contracts pertaining to it unlawful: The Citizens' Trust & Surety Co. v. McCanna, 6 Pa. Dist. Rep. 25.

The plaintiff not having complied with the act of April 22, 1874, its business transactions with the defendant are illegal and void, and therefore judgment should be for the defendant: Thorne v. The Travellers' Insurance Co., 80 Pa. 15; Insurance Company v. Bales, 92 Pa. 352; Lasher v. Stimson, 145 Pa. 30; Phœnix Silk Co. v. Reilly, 187 Pa. 526; Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900:

This action is brought by a foreign corporation to compel the payment of a subscription to its capital stock. The court below entered a nonsuit on the ground that the transaction was a doing of business by a foreign corporation without previous registration, as required by the act of 1874. This was error. The business for which the corporation was organized was the erection of a pavilion at Wildwood Beach, in the state of New Jersey. The offices and place of business of the company were in the state of New Jersey. The capital of the company was wholly invested in the state of New Jersey. Nowhere in the case does it appear that any business of the corporation was done or intended to be done in the state of Pennsylvania, save the single transaction before us. The subscription was made at a meeting of stockholders and directors, held, for the convenience of the parties, at the office of one of the directors, in the state of Pennsylvania. This solitary fact is relied upon to bring the case within the purview of the act of 1874. It may be said, with some show of reason, that a subscription to the capital stock of a foreign corporation is not a doing of business by that corporation within the commonwealth of Pennsylvania. Subscription to stock is an incident to the erection of the corporation. It is an act preliminary to the doing of that business

for which incorporation is had: Payson v. Withers, 5 Bissell, 269. The prosecution of the corporate business is that which is prohibited by the act of 1874. In the present case the business of the corporation was the erection of a pavilion at Wildwood Beach, in the state of New Jersey. The subscription to stock, though made at Philadelphia, was by citizens of the state of New Jersey and was made in order that the business of the company within the state of New Jersey might be prosecuted. "It has never been held that a citizen of Pennsylvania may not be a member of, or stockholder in, a corporation of another state; or that a contract between such member and his corporation is ultra vires, because the latter had not complied with the provisions of the act of assembly. Nor do we think it material that an occasional meeting of the directors was held at Delta, a town partly in Maryland and partly in this state. Their acts are not necessarily void for such reason:" Kilgore v. Smith, 122 Pa. 57.

The tests of the application of the act of 1874, as shown by previous adjudications in Pennsylvania, are whether the foreign corporation shall·have an agent in the state of Pennsylvania; or shall have offices for the general conduct of its business in the state; or shall conduct its corporate business in the state; or shall have a part of its capital invested in the state: Kilgore v. Smith, supra; Wolff Dryer Co. v. Bigler, 192 Pa. 466; Ice Manfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443; Milsom, etc., Co. v. Kelly, 10 Pa. Superior Ct. 565; Mearshon & Co. v. Pottsville Lumber Co., 187 Pa. 12; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Swing v. Munson, 191 Pa. 582; Insurance Co. v. Sharpless Bros., 12 Pa. Superior Ct. 333. Tried by any or all of these tests, the company plaintiff, in respect to the transaction before us, is not brought within the provisions of the act of 1874.

The judgment is reversed and a new venire is awarded.