## Galena Mining & Smelting Company *v.* Frazier, Appellant.

*Corporations—Foreign corporations—Doing business in the state—Act of April* 22, 1874, *P. L.* 108.

A subscription to the capital stock of a foreign corporation is not a doing of business by that corporation within the commonwealth of Pennsylvania, within the meaning of the act of April 22, 1874. Subscription to stock is an incident to the erection of the corporation and is an act preliminary to the doing of that business for which incorporation is effected.

In an action by a foreign corporation to recover assessments on stock, an affidavit of defense is insufficient which avers that the plaintiff maintained an office in Philadelphia where the business of said corporation was carried on, and where the assessment was made, that all the business relative to the issue of stock was conducted in Pennsylvania, and that the plaintiff had not complied with the act of April 22, 1874. In such a case the affidavit should state when the business was conducted at the office referred to, and what was the character of the business.

*Practice, C. P.—Affidavit of defense—Inferences.*

To avail a defendant, the affidavit of defense must be complete and explicit, leaving nothing to inference; what is not alleged will be taken not to exist.

Argued Dec. 12, 1901. Appeal, No. 225, Oct. T., 1901, by defendant, from order of C. P. No. 2, Phila. Co., making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Galena Mining & Smelting Company v. W. W.

Frazier.  Before RICE, P. J., BEAVER, ORLADY, W. W. POR-
TER and W. D. PORTER, JJ.   Affirmed.

Assumpsit to recover $250, assessment on shares of stock.

The defendant filed the following affidavit of defense :

The plaintiff is a corporation of the state of New Jersey, and
was, at the time of the alleged signing by me of the agreement
referred to by the plaintiff in its statement of claim, and where-
by it is attempted to hold me responsible for the sum claimed
in the said statement, carrying on business in the state. of Penn-
sylvania without having filed in the office of the secretary of
the commonwealth any statement showing the title and object
of the said corporation and location of its offices and the name
or names of its authorized agent or agents or any certificate
whatsoever, as required by the act of assembly of the common-
wealth of Pennsylvania, approved April 22, 1874, in such case
made and provided.  The said agreement was a plan for the
reorganization of the Union Hill Company and the Edgemont
& Union Hill Smelting Company, as set forth in the plaintiff's
statement of claim, and by this agreement shareholders of the
said two companies were to deposit their certificates of stock
therein with a committee of reorganization and to receive in
return therefor an equivalent in the capital stock of the Galena
Mining & Smelting Company.   At the time that I, in pursu-
ance of this agreement, deposited my stock in the  Union Hill
Company and Edgemont & Union Hill Smelting Company, and
received in return therefore a certificate of stock in the plain-
tiff company the said plaintiff company, though doing business
and making contracts and undertakings in Pennsylvania, had
not complied with the requirements of the act of assembly afore-
said.   All of the engagements, promises, and undertakings in
reference to said reorganization plan, agreement aforesaid, de-
posit of stock and issuance of new stock which I made with
the plaintiff were made and fully accomplished in Pennsylvania.
That is to say, I signed the agreement referred to by the plain-
tiff in its statement of claim in Pennsylvania ; I deposited my
stock in the Union Hill Company and the Edgemont & Union
Hill Smelting Company in Pennsylvania ; the stock in the plain-
tiff company was issued to, delivered to, and received by me in
Pennsylvania, and all negotiations and arrangements with plain-

tiff in reference thereto were carried on and done by me in Pennsylvania, and not in another place or state whatsoever. The plaintiff had not, when the agreement aforesaid was signed by me, when I deposited my stock in the Union Hill Company and the Edgemont & Union Hill Smelting Company, when the stock in plaintiff company was issued to, delivered to, and received by me, and when all the negotiations and arrangements with reference thereto were carried on and accomplished, conformed to the provisions hereinbefore stated of the act of assembly aforesaid relating to the carrying on of business in Pennsylvania by foreign corporations, nor has it yet so complied.

The plaintiff maintains an office in the city of Philadelphia, to wit : at No. 1020 Stephen Girard Building, where the business of the said corporation was carried on, and where the assessment for stock mentioned in the plaintiff's statement of claim was made.   All the negotiations I had with the plaintiff company were made in the state of Pennsylvania, and I am informed and believe that all the business relative to this issue of stock was conducted in the said state of Pennsylvania.

I am advised by counsel, and therefore aver, that it was not legal for the plaintiff to conduct itself in the manner I have stated, and no contract whatsoever between the plaintiff and me could, under the circumstances I have related, be made either in law or in fact which would be obligatory upon me under which the plaintiff could have any right against me whatsoever. I show to the court that the plaintiff so conducting its business did not comply with the laws of Pennsylvania, and did not conform with the act of assembly approved April 22, 1874, in such case made and provided, and that therefore the said contract upon which the plaintiff bases its cause of action is not binding upon me and no suit can be maintained thereupon.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John Hampton Barnes*, with him *George Tucker Bispham*, for appellant, cited: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526.

*Reynolds D. Brown*, with him *Malcolm Lloyd, Jr.*, and *Charles*

*H. Burr, Jr.*, for appellee, cited: Wildwood Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; Payson v. Withers, 5 Bissell, 269; Bartlett v. Chouteau Ins. Co., 18 Kansas, 369; New Jersey Steel Tube Co. v. Riehl, 9 Pa. Superior Ct. 220.

OPINION BY ORLADY, J., May 22, 1902:

For want of a sufficient affidavit of defense the court below entered a judgment against the defendant and whatever doubt there is as to the correctness of its action is due to the failure of appellant to print an important agreement in writing called " Exhibit A," which is attached to and made a part of the plaintiff's statement of claim.

The plaintiff is a New Jersey corporation, and its demand in this action is for the sum of $250 with interest thereon, which amount covers two assessments of twenty-five cents each on each share of 500 shares of stock, which the defendant had obligated himself to pay in the written agreement mentioned. The plaintiff corporation was formed for the purpose of reorganizing two other corporations, former owners of gold mining properties in South Dakota. The defendant held a certificate of stock for 500 shares "subject to such payments of assessments as may from time to time be required by the company." The question involved, as stated by appellant, relates to the right of a foreign corporation to do business in the state of Pennsylvania without having conformed to the requirements of the act of assembly, approved April 22, 1874, which requires the registration of foreign corporations doing business in this state. It is stated in the affidavit that: " The plaintiff had not, when the agreement aforesaid (Exhibit A) was signed by me ; when I deposited my stock in the Union Hill Company and the Edgemont & Union Hill Smelting Company; when the stock in plaintiff company was issued to, delivered to, and received by me, and when all the negotiations and arrangements with reference thereto were carried on and accomplished, conformed to the provisions of the act of assembly relating to the carrying on of business in Pennsylvania by foreign corporations, nor has it yet so complied," but, the date when the plaintiff corporation was formed is not given. The agreement (Exhibit A) was an agreement between certain named persons and stockholders of the Union Hill Company and the Edgemont

& Union Hill Smelting Company, but this record does not show that the plaintiff was a party to it. The affidavit avers that " the plaintiff maintains an office in the city of Philadelphia, at No. 1020 Stephen Girard Building, where the business of said corporation was carried on and where the assessments for stock mentioned in plaintiff's statement of claim was made, but the time indicated manifestly refers to the time as suggested by the date of the affidavit, September 4, 1901, while the certificate of stock which was issued by the company in Camden, New Jersey, was delivered to the defendant on October 16, 1899, at which time he paid to plaintiff the sum of $1,500, as a payment of $3.00 per share on account of the par value of $5.00 per share of the stock of the plaintiff company. In substance the affidavit means that the plaintiff company agreed to exchange a certificate of its own stock for a certificate of deposit which had been issued some time previously by a reorganization committee and held by the defendant. As to when the business of the plaintiff company was carried on at 1020 Stephen Girard Building in Philadelphia, or what the character of that " business, making contracts and undertakings," was, is not alleged. If they were of such a nature as to be in conflict with the act of 1874, it could and should have been explicitly stated, and not left to conjecture. The doubt is due to want of clearness in the affidavit of defense and the defendant should not profit by his raising of it. In these respects the affidavit is vague and uncertain and we have held in Wildwood Pavilion Company v. Hamilton, 15 Pa. Superior Ct. 389, that a subscription to the capital stock of a foreign corporation is not a doing of business by that corporation within the commonwealth of Pennsylvania. Subscription to stock is an incident to the erection of the corporation. It is an act preliminary to the doing of that business for which incorporation is effected. The prosecution of the corporate business is that which is prohibited by the act of 1874. From the record as presented to us, it appears, as in Wildwood Pavilion Company v. Hamilton, supra, that the subscription to stock in the plaintiff company, though made in Philadelphia, was made in order only that the business of the company might be actually prosecuted in another state. If it appeared clearly that this was a financing corporation merely, a very different question would be presented. The legal scope of the words

"doing business in this commonwealth" has been considered in a number of recent cases, noted in Wildwood Pavilion Company v. Hamilton, supra, see also People's Building, Loan & Saving Assn. v. Berlin, 201 Pa. 1.

To avail a defendant, the affidavit of defense must be complete and explicit, leaving nothing to inference, what is not alleged will be taken not to exist: 1 P. & L. Dig. of Dec. 171. It is to be expected that when conversant with all the facts he will detail the ones he regards as important with sufficient clearness to warrant the legal inference of a full defense to the plaintiff's cause of action. He is bound to swear to facts, not presumptions. Looking at the affidavit in its most favorable light, there is no direct allegation that the plaintiff corporation had in this state "an office for the general conduct of its business" or "conducted its corporate business" in this state, or "had a part of its capital invested" in this state, or "had an agent" in this state. Under the decisions this transaction is not in conflict with the act of 1874.

The judgment is affirmed.

W. W. PORTER, J., dissenting:

The statement of claim alleges that "the plaintiff is a corporation, created and existing under the laws of the state of New Jersey, with an authorized capital stock of $300,000, divided into sixty shares of a par value of $5.00 per share. Said plaintiff corporation was organized and created for the purposes of the reorganization of the Union Hill Company and the Edgemont and Union Hill Smelting Company, former owners of certain gold mining properties in South Dakota, in accordance with the provisions of a certain agreement or plan of reorganization." The agreement is printed neither by the appellant nor the appellee. A scrutiny of the copy in the original record as filed shows that it provides for the surrender of stock in the two companies to be reorganized, to a committee for reorganization, and that new stock shall be issued by a company to be formed. The only light furnished by the agreement as to the purposes of the new corporation (which is the plaintiff in this suit), is in this provision: "It is proposed to organize a corporation under the laws of the state of New Jersey, under name of the Galena Mining and Smelting Company, with a capital

stock of 60,000 shares which shall be of par value of $5.00, making the total capital $300,000. To this corporation when formed, the properties acquired under the foreclosure sale will be conveyed." It may be, therefore, that the business of the plaintiff company is the business of mining and smelting ore in South Dakota, but from the assertion contained in the statement of claim, it may, with better reason, be inferred that the company was formed simply to be used as a vehicle for the financial reorganization of the two insolvent companies. The affidavit of defense does not in terms allege anything as to the purpose and business of the corporation, but treats the assertion of the statement of claim as true, that the purpose of the incorporation was reorganization. If this was the purpose; if this is the business of the plaintiff company, then, the calling of an assessment, as prescribed in the affidavit of defense, would seem to be the doing of business by a foreign corporation in Pennsylvania without registration. If the claim is simply for an assessment upon a subscription to the stock of the plaintiff corporation, it would be but an incident to corporate erection, and not part of the business for which the company was created. As, however, there is serious doubt on the face of the record, whether the plaintiff company in the transaction out of which the present claim grows, was "doing business" in Pennsylvania, I would reverse the judgment for want of a sufficient affidavit, in order that opportunity may be afforded to exhibit all the facts bearing upon the controversy. For this reason I dissent from the judgment entered by the majority of the court.