## Commonwealth *v.* Nolde, Appellant.

*Corporations—Foreign corporations—Registration—Failure to register —Conviction of officers—Act of April 22, 1874, P. L. 108.*

The officers of a foreign realty corporation may be convicted of violating the Act of April 22, 1874, P. L. 108, relating to the registration of foreign corporations, by evidence which shows that they established and maintained a branch office in Pennsylvania at which they displayed a sign marked with the name of the company; that they placed an agent in this office who employed subagents; that the agent distributed circulars and advertisements, sold lots for the company, and received money for them at the branch office, and executed deeds and agreements for the conveyance and sale of lots, in the branch office.

Argued Nov. 11, 1909. Appeal, No. 164, Oct. T., 1909, by defendants, from judgment of Q. S. Berks Co., Sept. T., 1908, No. 77, on verdict of guilty in case of Commonwealth v. Jacob Nolde, Palmer Kershner and Charles A. Dustin. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Indictment for violating the act of April 22, 1874. Before Trexler, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which the defendants were fined jointly and severally the sum of $10.00. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Isaac Hiester,* with him *C. H. Ruhl* and *Snyder & Zieber,* for appellant.—We submit that no authority can be found for the proposition that the mere signing of a preliminary contract for the transaction of business which is to be entirely done and performed in another state concerning property located there can be regarded as the

doing of business in the state where the contract is signed. The authorities to the contrary are numerous: Hogan v. St. Louis, 75 S. W. Repr. 604; Delaware River Quarry, etc., Co. v. Bethlehem, etc., Pass. Ry. Co., 204 Pa. 22; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727 (5 Sup. Ct. Repr. 739); Hart v. Livermore Foundry, etc., Co., 17 So. Repr. 769; Green v. Chicago, etc., Ry. Co., 205 U. S. 530 (27 Sup. Ct. Repr. 595); Goepfert v. Compagnie Generale Transatlantique, 156 Fed. Repr. 196; Kilgore v. Smith, 122 Pa. 48; People's B. & L. Assn. v. Berlin, 201 Pa. 1; Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; Stephenson v. Dodson, 15 Pa. Dist. Rep. 771; Galena Mining, etc., Co. v. Frazier, 20 Pa. Superior Ct. 394.

The evidence does not show that the Berks-Nassau Real Estate Company was doing business in this commonwealth: Com. v. Standard Oil Co., 101 Pa. 119; Kilgore v. Smith, 122 Pa. 48; Mearshon v. Lumber Co., 187 Pa. 12; Hovey's Est., 198 Pa. 385; Cooper Mfg. Co. v. Ferguson, 113 U. S. 727; Brown v. Guarantee Savings, etc., Co., 102 S. W. Repr. 138; Poole v. Peoria Cordage Co., 97 S. W. Repr. 1015; Lutes Co. v. Wysong, 110 N. W. Repr. 367; Delaware River Quarry, etc., Co. v. Bethlehem, etc., Pass. Ry. Co., 204 Pa. 22.

*Cyrus G. Derr*, with him *Harry D. Schaeffer*, district attorney, and *D. Nicholas Schaeffer*, for appellee.—When the officers of a corporation, organized for the purpose of buying and selling land, open an office in Pennsylvania, to which by advertisement they induce people to come, and there negotiate sales of and sell land to the people so induced to come there, the officers must be regarded as doing business for the corporation in Pennsylvania: Smith v. Anderson, L. R. 15 Chancery Div. 247; Montello Brick Works, 20 Am. Bank. Repr. 859; Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389.

OPINION BY ORLADY, J., October 10, 1910:

The sole question in this case is whether the defend-

ants, the officers of a foreign realty corporation, were rightly convicted of transacting business within this commonwealth without complying with the provisions of the Act of April 22, 1874, P. L. 108.. The crime charged is set out substantially in the language of the act which prohibits it and is deemed and adjudged sufficient under the provisions of sec. 11 of the Act of March 31, 1860, P. L. 427.

Their company was duly incorporated in New York, and by its charter authorized "to purchase, lease, or otherwise acquire, own, lay-out, maintain and improve real estate and chattels in any and every county in the state of New York, and in any and all other states of the United States of America, and to sell, convey, let or otherwise dispose of the same or any part thereof."

The appellants, who are the principal officers of the realty company, established and maintained a branch or suboffice in Reading, Pennsylvania; and gave notice to the world by a sign marked "Berks-Nassau Realty Company," that they were there to transact business. They placed a representative in the office, who employed subagents and distributed circulars and advertisements by mail which gave the general character, scope and system of the business they were transacting. This is not a case of an isolated transaction, but the general business of the company was openly and continuously conducted for a number of months. As stated by their agent: "I sold lots for the company to various people. I received pay at various times for the sales that I made. The deeds and agreements for the conveyance and sale of the real estate in New York were executed and delivered in the city of Reading, Penna. The purchasers paid their money to the defendants at their offices, 530 Court street, Reading, Penna."

That the company was satisfied that it was necessary to register in Pennsylvania so as to authorize the doing or transacting of business here, is conclusively shown by its act in the registration on September 10, 1907.

If additional authorities are needed to sustain the conclusion of the learned trial judge, they may be found in Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565; West Jersey Ice Mfg. Co. v. Armour & Company, 12 Pa. Superior Ct. 443; De La Vergne Co. v. Kolischer, 214 Pa. 400; Stephenson v. Dodson, 36 Pa. Superior Ct. 343, and Stoner v. Phillipi, 41 Pa. Superior Ct. 118.

The assignments of error are overruled and the judgment is affirmed.