# Diamond Power Specialty Co. v. Milne, Appellant.

*Corporations—Foreign corporations—Registration—Doing business in Pennsylvania—Case for jury.*

In an action by a foreign corporation which has failed to register as required by the Act of June 8, 1911, P. L. 710, amended by the Act of April 22, 1915, P. L. 170, the question as to whether the plaintiff had engaged in business in Pennsylvania is for the jury, where the evidence would warrant a finding that the plaintiff had established an office in the City of Philadelphia, and there transacted business, that it employed an agent who was in charge of such office, who employed subagents to assist in the business, that business was transacted at said office, and that the place was known as the Philadelphia office of the plaintiff corporation.

*Evidence—Deposition—Letter—Principal and agent.*

In an action for goods sold and delivered where the defendants allege payment to the agent of the plaintiff, and it appeared that the plaintiff had taken depositions attached to which was a letter of the alleged agent, the defendants cannot make use of the letter unless they offer the whole deposition so that the nature of the correspondence between the agent and the plaintiff may be shown.

Argued Nov. 3, 1916.   Appeal, No. 145, Oct. T., 1916, by defendants, from judgment of Municipal Court of Philadelphia Co., Sept. T., 1915, No. 155, on verdict for plaintiff in case of Diamond Power Specialty Company v. David Milne and Caleb J. Milne, Jr., trading as C. J. Milne & Sons.   Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Assumpsit for a soot blower sold and delivered.   Before KNOWLES, J.

At the trial defendants claimed that they had made payment to one Frank H. Street, an agent of the plaintiff.   The record showed that the plaintiff had issued a commission to take testimony in Detroit, and that this commission had been returned and filed.   Attached to it was a letter of Frank H. Street.

It appeared that the plaintiff was a foreign corporation, and that it had not registered as provided by the Acts of June 8, 1911, P. L. 710, and April 22, 1915, P. L. 170.   There was evidence that the plaintiff had engaged in business in Philadelphia.

The defendants made the following offer:

"Mr. Weaver: I now offer in evidence, if the court please, letter attached to the commission and depositions filed of record in this court, from Frank H. Street to the Diamond Power Specialty Company, accounting for the money received from C. J. Milne & Sons for the blower that is the subject-matter of this controversy:

"Mr. Rothschild: May I look at it?

(Mr. Rothschild handed paper.)

"Mr. Rothschild: Are you going to offer this?

"Mr. Weaver: I am going to offer that letter.

(Objected to.)

"The Court: Why?

"Mr. Rothschild: This is a letter from Mr. Street, and Mr. Street not being a party in this case,—and there is no evidence here. that the letter was ever actually received, and there is no evidence here as to any answer

being to that letter by the plaintiffs; therefore, the offer of that letter is improper."

(Objection sustained. Exception noted for the defendant.)   (6)

Defendant presented this point:

"2. It being admitted that the plaintiff company was not registered in Pennsylvania under the acts of assembly, inasmuch as it was doing business here in Pennsylvania, your verdict must be for the defendant."

Answer. Refused. (2)

The court gave binding instructions for plaintiff. (1)

Verdict and judgment for plaintiff for $215.56. Defendants appealed.

*Errors assigned* were (1, 2) above instructions quoting them; and (6) ruling on evidence quoting the bill of exceptions.

*John Weaver,* for appellants.—Plaintiff being an unregistered foreign corporation is not entitled to recover: Williams v. Golden, 247 Pa. 401; Wall Paper Co.'s App., 15 Pa. Superior Ct. 407; Com. v. Nolde, 44 Pa. Superior Ct. 111; Putney Shoe Co. v. Edwards, 60 Pa. Superior Ct. 338; Blakeslee Mfg. Co. v. Hilton, 5 Pa. Superior Ct. 184; Milson Rendering, Etc., Co. v. Kelley, 10 Pa. Superior Ct. 565.

The accounting letter of Street was admissible: O'Connor v. American Iron Mt. Co., 56 Pa. 234; Bennett v. Williams, 57 Pa. 404; Maclay v. Work, 10 S. & R. 193; Hazelwood v. Union Bank, 32 Wisc. 34.

*Jerome J. Rothschild,* with him *Jacob I. Weinstein* and *Charles Edwin Fox,* for appellees.

OPINION BY PORTER, J., July 13, 1917:

The plaintiff is a corporation of the State of Michigan. This being so it was required, by the Act of June 8, 1911, P. L. 710, as amended by the Act of April 22, 1915, P. L.

170, before engaging in business in Pennsylvania, to appoint, in writing, the secretary of the Commonwealth and his successors in office to be its true and lawful attorney and authorized agent, upon whom all lawful process in any action or proceeding against it may be served, and to file said power of attorney in the office of the secretary of the Commonwealth. The fourth section of the statute provides that no action shall be instituted, by such foreign corporation, in any of the courts of this Commonwealth, until such corporation complies with the provisions of this act.

The evidence disclosed that the plaintiff was a foreign corporation and that it had not complied with the provisions of the statutes above mentioned. The evidence would have warranted a finding that the plaintiff had established an office in the City of Philadelphia and there transacted business, that it employed an agent who was in charge of said office, who employed subagents to assist in the business, that business was transacted at said office and that the place was known as the Philadelphia office of the plaintiff corporation. Under this evidence the court ought to have submitted the question, whether the plaintiff was doing business in the State of Pennsylvania, to the jury, with proper instructions as to what constituted doing business, the evidence as to the facts being conflicting: Commonwealth v. Nolde, 44 Pa. Superior Ct. 111. The learned judge of the court below fell into error when he gave binding instructions in favor of the plaintiff, and the first point submitted by the defendant ought to have been affirmed. The first and second specifications of error are sustained. If the defendants wished to make use of the letter of Frank H. Street, attached to a deposition which had been taken by the plaintiff, they should have offered the deposition, for the purpose of showing what the correspondence between Street and plaintiff corporation had been. The other assignments of error are overruled.

The judgment is reversed and a new venire awarded.