## Southern Coal Exchange v. Youngstown Sheet and Tube Co.

*Foreign corporations—Doing business within State—Agency—Service of process—Act of April 8, 1851.*

The maintenance of an office in this State by a foreign corporation for the purpose of giving orders for the purchase of coal and coke and the shipment thereof to its plant in another state, does not constitute "doing business" within this State, and service of summons upon the agent in charge of such an office gives no jurisdiction, as such an agent does not come within the purview of the Act of April 8, 1851, P. L. 353.

Rule to show cause why service of summons should not be set aside and writ quashed. C. P. Allegheny Co., Jan. T., 1921, No. 2037.

*Stonecipher & Ralston,* for plaintiff.

*Packer & Sherrard, d. b. e.,* for defendant.

HAYMAKER, J., May 5, 1921.—The plaintiff is a corporation organized under the laws of the State of Kentucky, and the defendant is a corporation organized under the laws of the State of Ohio, and is engaged in the manufacture and sale of iron and steel products in the City of Youngstown, State of Ohio.

The plaintiff brought this action in *assumpsit,* and the defendant secured a rule on the plaintiff to show cause why the service of the summons should not be set aside and the writ quashed for want of jurisdiction. The plaintiff filed its statement of claim, which was followed by defendant's petition for the rule, to which an answer was filed. No depositions were taken, and we will dispose of the rule on the undenied allegations of fact contained in the defendant's petition. From plaintiff's statement and exhibits attached, the plaintiff offered to sell, and the defendant agreed to purchase, a certain kind of coal. The exhibits, constituting the alleged contract, consist of two telegrams, as follows:

"Middleboro, Kentucky,
"Youngstown Sheet & Tube Company,                    September 2, 1920.
          Pittsburgh, Pa.

"Are you in position to use Middlesboro & Clay County Coal at ten dollars per ton. Answer.                    SOUTHERN COAL EXCHANGE."

"Pittsburgh, Pa., Sept. 2, 1920.
"Southern Coal Exchange, Middlesboro, Ky.

"Your wire, you can enter our order for fifty cars of Middlesboro Clay County coal for prompt shipment, ten dollars net ton mines.
                    YOUNGSTOWN SHEET & TUBE CO."

The return of the sheriff of this county of the service of the writ of summons is as follows: "Served . . . on the within named defendant, Youngstown Sheet & Tube Company, a corporation, at the Oliver Building, Pitts-

burgh, Pa., its office in the County of Allegheny, Pennsylvania, by handing a true and attested copy of the within writ to W. B. Prescott, Agent, he for the time being in charge of said office, upon inquiry thereat the residence of any of the officers of said defendant corporation within the County of Allegheny, Pennsylvania, not being ascertained, and at the same time handing to the said W. B. Prescott, Agent aforesaid, a true copy of plaintiff's statement of claim, with notice to file an affidavit of defence within fifteen days, and making known to him the contents thereof."

The undenied allegations contained in the defendant's petition are, *inter alia,* as follows: That it is a corporation organized under the laws of Ohio, and is engaged in the manufacture and sale of iron and steel products at Youngstown, in said state; that it maintains a general purchasing department and purchasing agent in Youngstown, and in the Oliver Building in Pittsburgh it maintains an office for the purchase of coal and coke only, which is in charge of W. B. Prescott, a salaried employee of the defendant, who gives orders for the purchase of coal and coke and its shipment to defendant's manufacturing plant in Youngstown, where it is used and paid for; that it maintains a general sales office at Youngstown, and in the Oliver Building in Pittsburgh an office in charge of a salaried employee, who solicits and takes orders for the sale of defendant's iron and steel products and their shipment from defendant's said plant to the purchasers, which orders are forwarded to defendant's home office in Youngstown for approval, and all collections on account thereof are made by defendant at its said home office; that it owns the office furniture of said two offices in Pittsburgh; that the writ was served on W. B. Prescott, who transacts no other business for defendant; that he makes no payments personally or through his office for coal or coke so ordered; that he does not transact any general business for defendant, nor has he done so in the past; that he is not an officer or director of the defendant company, and does not transact, and has not transacted, any business for the defendant except to place orders for the purchase and shipment of coal to defendant at Youngstown; that defendant is not registered in the State of Pennsylvania as a foreign corporation; that it transacts, and has transacted, no business in the County of Allegheny, Pennsylvania, except as above stated; that it has, and has had, no property, real or personal, in said Allegheny County, and that none of its officers or agents reside or are located in said county.

We are of opinion that the above facts do not give jurisdiction to this court. The defendant is a foreign corporation, with its legal domicile and chief place of business in the State of Ohio, and has filed no statement in the office of the Secretary of the Commonwealth, as provided by the Act of April 22, 1874, P. L. 108. Unless we have some statute that brings the defendant under our jurisdiction, it cannot be sued outside the state of its legal domicile. We will not cite the numerous acts of assembly giving jurisdiction over foreign corporations under certain circumstances merely to show that they have no application to the case in hand, as we agree with plaintiff's contention as set forth in his brief, that "the act of assembly which is controlling in the case at bar is the Act of April 8, 1851, § 6, P. L. 353," which provides: "That in any case when any insurance company or other corporation shall have an agency or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such . . . corporation in such county, and the original writ may be served upon the president, cashier, agent, chief or any other clerk, or upon any directors or agent of such . . . corporation within such county. . . ."

1 D. & C.

This act relates to foreign corporations only: Cochran v. Library Co., 6 Phila. 492, and Frick & Lindsay Co. v. Maryland, &c., 44 Pa. Superior Ct. 518. The writ in question now was served on W. B. Prescott, a salaried employee of defendant, located at Pittsburgh, whose only business was to give orders for the purchase of coal and coke and the shipment thereof to the defendant's plant at Youngstown, Ohio, where the same is paid for by the company. For this purpose only an office was maintained for the use of Prescott. In addition, the defendant maintains an office in Pittsburgh, in charge of a salaried employee, who solicits and takes orders for the sale of defendant's products and their shipment from Youngstown to the purchasers. These orders are sent to Youngstown for approval, and collections therefor are made at its home office in Youngstown. The office furniture is owned by the defendant. Does the employment of Prescott, on whom service of the writ was had, constitute such an agency, or does the work of defendant's employees in giving orders for the purchase of coal and coke, and soliciting and taking orders for the sale of defendant's iron and steel products manufactured at Youngstown, constitute the transacting of such business in this county as will give this court jurisdiction as contemplated by the Act of 1851? We do not think so. It would appear from the act that if the defendant had either an agency or transacted business here, service of the writ on the agent would be good. Taking up the question of agency first, does the business transacted by Prescott constitute an agency under the act? Surely not. His employment required him to do only one act, that is, to purchase coal and coke when occasion demanded, which was merely incidental to the business in which the defendant was engaged. The act contemplates an agency in the transaction of the very business in which the defendant is engaged, and, in this case, an agency in the manufacture and sale of iron and steel. The section just quoted was construed in relation to an insurance company in the case of Parke v. Commonwealth Ins. Co., 44 Pa. 422, in which service was had on an agent whose business was to procure applications for insurance, and it was held not to be a valid service, the court saying, "and for trading companies, the Act of 1851 rightly provides that they may be sued in any county where they habitually transact business by an agency or branch." See Reynolds v. Standard Gage Steel Co., 65 Pitts. L. J. 469; Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530; Sheetz v. C. & O. Ry. Co., 10 Dist. R. 373. We are of opinion that Prescott was not such an agent on whom the service of the writ in this case would give us jurisdiction. We are likewise of opinion that the maintenance of offices and employees, in which and by whom orders are given for the purchase and shipment of coal and coke, and orders are solicited for sale of defendant's products and their shipment from the defendant's plant at Youngstown, are not sufficient to constitute "transacting business" as contemplated in that act. The case of Macaluso v. Keystone Coal and Coke Co., 65 Pitts. L. J. 484, cited with apparent approval in Frank P. Miller Paper Co. v. Keystone Coal and Coke Co., 28 Dist. R. 775, 48 Pa. C. C. Reps. 72, is a case directly in point, and is an adjudication by this court of the questions involved here. See, also, Eline v. Western Maryland Ry. Co., 253 Pa. 204; Com. v. Wilkes-Barre & H. R. R. Co., 251 Pa. 6; Green v. Chicago, B. & Q. Ry. Co., 205 U. S. 530; Sheetz v. C. & O. Ry. Co., 10 Dist. R. 373, and Reynolds v. Standard Gage Steel Co,, 65 Pitts. L. J. 469.

From Edwin L. Mattern, Pittsburgh, Pa.