## Knapp Co., Inc., *v.* Harry J. Saul, Trading as Keystone Tire Co., Appellant.

*Corporations—Foreign corporations—Registration — Failure to register—Doing business in Pennsylvania—Defense of—Nonregistration—Case for jury.*

In an action of assumpsit, where the defense was advanced that the plaintiff was a foreign corporation, doing business in Pennsylvania, and had not registered, as required by the Act of June 8, 1911, P. L. 710, as amended by Act of April 22, 1915, P. L. 170, but the evidence was conflicting, the case was for the jury to decide, under proper instructions from the court as to what constituted doing business in Pennsylvania.

Whether the contract sued upon was in violation of the act by reason of the fact that the plaintiff was transacting business, and whether his actions constituted doing business within the Commonwealth, was, under the circumstances, a question for the jury, and the court did not err in refusing to give binding instructions for the defendant.

Argued April 26, 1921. Appeal, No. 85, April T., 1921, by defendant, from order of C. P. Allegheny County, Oct. T., 1920, refusing an appeal from county court in the case of Knapp Co., Inc., v. Harry J. Saul, Trading as Keystone Tire Co., Appellant. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition to allow an appeal from the county court.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Defendant appealed.

*Error assigned* was the order of the court.

*Jacob I. Simon,* for appellant.

*Frank W. Stonecipher,* and with him *John M. Ralston,* for appellee.

OPINION BY KELLER, J., July 14, 1921:

Plaintiff, a foreign corporation, sued defendant in the County Court of Allegheny County to recover for merchandise sold and delivered defendant at his special instance and request. Defendant resisted payment on the ground that plaintiff, though not registered as required by the Act of June 8, 1911, P. L. 710, as amended by the Act of April 22, 1915, P. L. 170, was doing business in Pennsylvania in violation of that act.

The evidence as to the facts was conflicting, and did not conclusively establish a doing of business by the

plaintiff within this State, and therefore it was for the jury to decide, under proper instructions from the court as to what constituted such a doing of business, whether the contract sued upon was in violation of the act by reason of the fact that the plaintiff was transacting business in this Commonwealth as thus defined and prohibited: Diamond Power Specialty Co. v. Milne, 67 Pa. Superior Ct. 223.

Under the evidence the court would not have been justified in taking the case from the jury and giving binding instructions for the defendant and as this was the burden of appellant's complaint it follows that the court of common pleas did not err in refusing an appeal from the county court.

The order is affirmed.