## Commonwealth v. Mississippi Central Railroad Co.

*Ralph S. Snyder*, Deputy Attorney General, for Commonwealth.

*M. Clyde Sheaffer*, for appellant.

RICHARDS, P. J., December 6, 1956.—The Mississippi Central Railroad Company is a corporation chartered under the laws of the State of Mississippi, and operating a railroad in that State. It was registered to do business in Pennsylvania during the year 1949, and during that period maintained an office in Scranton. It filed a franchise tax report for that year in which it showed franchise tax due in the amount of $31.05. However, the fiscal officers of the Commonwealth determined finally that no tax was due. This appeal followed. A stipulation was filed dispensing with a jury trial, pursuant to the provisions of the Act of April 22, 1874, P. L. 109. At the hearing, certain exhibits were offered including an agreed stipulation of facts. The case was then duly argued and is now before us for disposition.

The agreed statement of facts, with the exhibits attached thereto, is a voluminous document. Since there is no dispute as to these matters, we adopt the facts therein contained as the findings of fact by the court and incorporate them herein by way of reference. However, we shall specifically allude to the facts essential to the disposition of the case.

Appellant, as stated above, was incorporated in the State of Mississippi, and operates a railroad there between Hattiesburg and Natchez. The principal office of the company is in that State and all books and accounts pertaining to the operation of the railroad are kept there. Its certificate of authority to do business in Pennsylvania states, inter alia, "to transact . . . the business of maintaining branch office for conduct of corporate business but not owning, leasing or operating a railroad in Pennsylvania; said office to be maintained for the transaction of its transportation business in interstate commerce only". During the year 1949, it rented an office in Scranton, had its name on the door and was listed in the telephone directory. At this office it kept a minute book, capital stock certificate books, capital stock ledger and a treasurer's cash book. Directors' meetings were held at this office, a bank account maintained, certain salaries paid, dividend checks and stock certificates issued, interest and sinking fund charges paid. Most of the directors were residents of Pennsylvania. Connected with the Scranton office were the president, a vice president, secretary-treasurer and an assistant secretary-treasurer. Apparently there was no bookkeeper or stenographer.

The Act of June 1, 1889, P. L. 420, sec. 20, as amended, 72 PS §1901, requires every foreign corporation "doing business in and liable to taxation within this Commonwealth" to file a tax report. Section 21(b) of the same act, 72 PS §1871(b), imposes a tax on those corporations required to file a report under section 20.

The principal question is: Was appellant doing business in Pennsylvania during the year 1949 within the meaning of the above statute?

Generally, a foreign corporation is "doing business' in Pennsylvania when it has agents here, is doing a substantial part of its ordinary business here, employs capital here and carries out its charter purposes here: 18 Fletcher Cyclopedia Corporations 898, §8804.1 (1955); 23 Am. Jur. 337, §361; Commonwealth v. Conglomerate Mining Co., 1 Dauph. 85, 89.

The certificate of authority is no proof of the doing of business, since it is more or less a self-serving declaration. However, the certificate of authority in this case, see above, specifically states that the corporation does not intend to own, lease or operate a railroad here. The office was to be maintained for its transactions in interstate commerce. There is nothing in the record to show such transactions, or at least the showing is de minimis and not a substantial part of the corporation's customary business.

". . . registration, without more, does not cause a corporation to become liable for a State tax": Callery's Appeal, 272 Pa. 255, 267.

The mere maintenance of an office in this State does not constitute the doing of business: 18 Fletcher 901, §8804.1; Commonwealth v. Tonopah Mining Co., 12 Dauph. 91; Commonwealth v. Tonopah & Goldfield R. R. Co., 17 Dauph. 261, 263. The maintenance of a bank account and the drawing of checks, standing alone, does not constitute the doing of business: Commonwealth v. Johnson & Johnson, 23 Dauph. 270; Commonwealth v. Tonopah Mining Co. 12 Dauph. 91. The holding of directors' meetings in this State is not alone enough to constitute the doing of business: Commonwealth v. Tonopah & Goldfield R. R. Co., 17 Dauph. 261, 263. The keeping of a stock record, issuing certifi-

cates of stock, paying interest, dividends or sinking fund charges are matters of internal management, not the employing of capital or the doing of business: 23 Am. Jur. Foreign Corporations, 347 §365; Commonwealth v. Tonopah Mining Co., 12 Dauph. 91.

A few isolated instances of purchasing equipment or approving leases are insufficient to constitute the doing of business.

Appellant relies upon Commonwealth v. Wilkes-Barre & Hazleton R. R. Co., 251 Pa. 6. That case involved many of the elements of the present one, but it involved more. There the corporation bought "the stock and bonds of the Pennsylvania corporations as one of the direct objects of its incorporation. . . ." Hence it was unquestionably carrying out its charter purpose, employing its capital and engaged in doing business. The same is true of Commonwealth v. American Gas Co., 352 Pa. 113, for there the corporation was conducting a holding company business, and of Gallery's Appeal, 272 Pa. 255, involving a personal property tax where the corporation, though doing a holding company business here, had no tangible property here to tax.

The case of Commonwealth v. Tonopah & Goldfield R. R. Co., 17 Dauph. 261, is very similar to the case at bar. There a corporation operated a railroad in Nevada but had an office in Pennsylvania which performed acts almost identical with those performed by the present appellant in Pennsylvania. It was held that they were not doing business in this State.

We refuse appellant's request for conclusions of law and make the following

### Conclusions of Law

1. Appellant was not doing business in Pennsylvania during the year 1949, within the meaning of the statute mentioned above.

2. Appellant was not subject to the franchise tax of Pennsylvania for said year 1949.

3. The settlement of "no tax due" was proper.

### Decree Nisi

And now, to wit, December 6, 1956, the appeal is dismissed at the cost of appellant, unless exceptions hereto be filed within 30 days as provided by law. The prothonotary is directed to notify the parties or their counsel of this decree forthwith.