## Otto A. C. Hagen Corporation *v.* Empire Sheet and Tin Plate Co., Appellant.

Argued January 3, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Edgar S. McKaig,* of *Adams, Childs, McKaig & Lukens,* for appellant.

*Samuel I. Sacks,* with him *Abram P. Piwosky,* of *Sacks & Piwosky,* for appellee.

OPINION BY MR. JUSTICE STERN, February 1, 1940:

The court below was in error in discharging defendant's rule to show cause why the sheriff's return of

service of the summons in assumpsit should not be set aside and the writ quashed.

Defendant is an Ohio corporation, not registered to do business in Pennsylvania. It maintains no office in this State. While its name is listed in the Philadelphia telephone book and on the directory of the Fidelity-Philadelphia Building, the depositions taken in pursuance of the rule reveal that what is claimed by plaintiff to be defendant's office in that building is in reality leased to a person named Long; that the stenographer who works there, and upon whom the writ was served, is employed by Long; that the latter is a sales agent for a large number of manufacturing concerns; and that, although he solicited a few orders for defendant on a commission basis, his success in that direction was so slight that his services had been discontinued prior to the service of the writ. Defendant has no stock of merchandise or property of any kind, nor does it effect any sales, within the State. All that Long at any time did was to solicit orders which were transmitted to the home office of the corporation for defendant's approval or rejection, and, if an order was accepted, the merchandise was shipped from its mill at Mansfield, Ohio.

Whatever the rule may be as to individual residents or domestic corporations, a sheriff's return is not conclusive where a non-resident is involved: *Vaughn v. Love*, 324 Pa. 276. The ruling in that case necessarily applies to foreign corporations also, for such a corporation would be denied due process of law were it to be made amenable to some jurisdiction just because a process-server mistakenly represented it as having a place of business there.

Even if defendant had itself leased an office in Philadelphia, that fact would not be conclusive of the right to sue it in this State. The real question would still be whether it transacted business here, and, if so, of what nature. If the office were maintained only for

the convenience of a resident sales solicitor, this, without more, would not subject the corporation to the process of the local courts. The mere *solicitation* of business does not constitute the having of an agency or the transacting of business within the meaning of the Act of April 8, 1851, P. L. 353, sec. 6, relating to service of process upon foreign corporations: *Shambe v. Delaware & Hudson R. R. Co.*, 288 Pa. 240, 248. See also *Green v. Chicago, Burlington & Quincy Ry. Co.*, 205 U. S. 530; *People's Tobacco Co. Ltd. v. American Tobacco Co.*, 246 U. S. 79, 87; *Minnesota Commercial Men's Association v. Benn*, 261 U. S. 140, 145.

The order of the court discharging the rule to set aside the sheriff's return of service and to quash the writ is reversed, and the record is remitted to the court below with directions to reinstate the rule and make it absolute.