New *v.* Robinson-Houchin Optical Company, Appellant.

48

Argued April 15, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph W. Henderson,* with him *Harrison G. Kildare,* for appellant.

*Herbert Mayers,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 26, 1947:

The question raised by this appeal is whether, under the facts, the defendant foreign corporation was "doing business" within the commonwealth. The court below found that the defendant was doing business and therefore discharged a rule upon the resident plaintiff to set aside the service of a writ of assumpsit under the provisions of the Act of March 5, 1925, P. L. 23, 12 PS, 672, 675. This appeal followed.

The Act of April 8, 1851, P. L. 353, section 6, 12 PS, 1310, provides that suit may be brought against a foreign corporation in any county where it ". . . shall have

an agency or transact any business . . . of this commonwealth. . . ." It is always a *question of fact* whether a foreign corporation has an agency or transacts any business within the meaning of the words used by the legislature: *Holliday, Admrx., v. Pacific Atlantic Steamship Corporation,* 354 Pa. 271, 47 A. 2d 254.

This Court has defined what constitutes "doing business" under the statute: *Shambe v. Delaware & Hudson R. R. Co.,* 288 Pa. 240, 135 A. 755; *Otto A. C. Hagen Corporation v. Empire Sheet and Tin Plate Co.,* 337 Pa. 232, 11 A. 2d 144. See also: *Eline v. Western Maryland Railway Company,* 253 Pa. 204, 97 A. 1076; *Mingus v. Florence Mining & Milling Co.,* 302 Pa. 529, 153 A. 723.

There is no general principle which conclusively establishes in every case what constitutes "doing business." Each case is governed by its own particular facts. Mere solicitation of business within the commonwealth does not in itself constitute the "doing of business." It must be *"solicitation plus other activities:"* *International Shoe Co. v. State of Washington,* 326 U. S. 310; *Frene v. Louisville Cement Co.,* 134 Fed. 2d 511. To bring the foreign corporation within the statute the business transacted within the state must be habitual, continuous and systematic.

The finding of fact by the learned court below that the defendant was "doing business" within the commonwealth is fully supported by the testimony.

Plaintiff instituted a suit in assumpsit in Philadelphia County to recover the amount of compensation alleged to be due by defendant under a written agreement dated May 26, 1943. Defendant is an unregistered foreign corporation in the business of the manufacture and sale of optical lenses and optical machinery. Its manufacturing plant and home office is located at Columbus, Ohio. Prior to May 26, 1943, plaintiff had been a territorial sales representative of defendant and had maintained his own office in Philadelphia. By the

terms of the written agreement plaintiff was employed by defendant "in the capacity of Assistant to the General Manager, with direct responsibility for all Government contracts; and procurement of vital materials used in production; and any other matters needing special attention; under the direction of the General Manager." Plaintiff's compensation was fixed "on the basis of total net sales, at the rate of 1%."

Simultaneously with the execution of the contract two rooms were established in a Philadelphia office building and the defendant's name alone was put on the entrance door, as well as on the office directory of the building, and in the telephone book; a company telephone, with switchboard, was installed; Miss Commers (formerly plaintiff's clerk) became defendant's employe and was made secretary and office manager of the Philadelphia office; defendant paid for all office equipment and the rent and the salary of Miss Commers were paid by defendant's checks from Columbus, Ohio. Incidental office expenses were paid through a petty cash fund set up and maintained by defendant. While all of the activities of plaintiff beyond the mere solicitation of business need not be enumerated, among them appear: that plaintiff estimated on and attended to the delivery of machinery to the Frankford Arsenal, including inquiries and complaints relative thereto; he disposed of lenses from his office to customers serviced by him and said sales were invoiced by his office direct to the customer; he was charged with the procurement of equipment and priorities for defendant corporation; he adjusted all rejects from the payments due the corporation from the Frankford Arsenal; he assisted in the collection of overdue accounts; he was charged with the handling of the corporation's advertising from May, 1943, to October, 1944; when "rush orders" needed to be filled, they were filled from the stock plaintiff kept on hand at the Philadelphia office; payments for orders were sent either direct to the home office or were given to plaintiff, who

forwarded them through the Philadelphia office. In December, 1945, besides working on a Certificate of Necessity for the purchase of a new building for the Columbus office, plaintiff was engaged in matters pertaining to termination of war contracts at the Frankford Arsenal, and in sales promotion of peacetime articles not yet being manufactured. All such activities were carried out through the Philadelphia office and were *continuous, systematic and habitual.* Plaintiff's activities at the time of service of process, December 14, 1945, although considerably reduced following the conclusion of the war, were substantially the same as they had previously been. It was not until four days after service of process that defendant mailed a letter to plaintiff, advising him that "as of December 31, 1945" commission credits would cease and the territory handled by plaintiff would be handled as factory business.

Defendant foreign corporation was clearly "doing business" within the meaning of the statute.

The order of the court below is affirmed at the cost of appellant.