## Ken-Whitmore, Inc., v. Donen Stores, Inc.

*Douglas & Handler*, for plaintiff.
*David S. Kohn*, for defendant.

SMITH, J., May 2, 1949.—Upon petition of defendant a rule was granted on plaintiff to show cause why the instant action, which is in assumpsit, should not be dismissed for lack of jurisdiction. After answer filed and depositions taken the matter was argued before the court en banc and is now for disposition. The controlling facts do not appear to be in dispute.

The action is to recover the sum of $2,042, with interest, for women's coats sold and delivered by plaintiff to defendant between July 11, 1947, and August 26, 1947. Service of the complaint was accepted by defendant's attorney on December 20, 1947.

Both plaintiff and defendant are foreign corporations. Neither is registered to do business in this State. Plaintiff is a Massachusetts corporation with principal office in that State and a branch sales office in New York City. Defendant is a New York corporation with principal office at 225 West 34th Street, New York City. At the New York City office all of its corporate meetings are held, all of its records are kept and all obligations incurred by it are presented and paid by checks drawn on a New York bank. It

never had any bank accounts in Pennsylvania. Further, so far as the record discloses, defendant never rented business space nor had a telephone nor engaged employes to act for it in this State.

Charles F. Donen, who resides in Brooklyn, is the president and general manager of defendant corporation. As such general manager, Donen was in charge of two other companies, to wit: Starsons, Inc., an Ohio corporation, operating a retail store in Massillon, Ohio, and Hartleys Ladies Apparel, Inc., an Ohio corporation, operating a retail store in Dover, Ohio. He was also personally interested and active in the management of Plymouth Shops, Inc., a Pennsylvania corporation, operating a retail store in the City of Harrisburg. Donen spent about 30 percent of his time in New York City; about 30 percent in Harrisburg, and the balance of his time in Massilon and Dover. During his stays in Harrisburg, which varied from a period of three days to two and one half weeks out of each month, he lived in hotels.

Defendant acted, inter alia, as the buying agent for the two Ohio stores. The merchandise, the subject of this suit, was purchased for these two stores. None of it was sold or intended for sale in Pennsylvania. The orders for the merchandise were placed by Donen with plaintiff's sales agent in New York City. Plaintiff was directed to bill defendant at its New York City office therefor. It was shipped by plaintiff f.o.b. Pittsfield, Mass. However, upon instructions from Donen, all of this merchandise was consigned to defendant at 208 Market Street, Harrisburg, where under his supervision it was unpacked, inspected, priced and then after allocation between them, repacked and forwarded to the two Ohio stores. Donen said that this procedure was followed because he spent some time in Harrisburg and "it would help to facilitate matters to receive and break up a few orders and reship them to the other

stores", just as he sometimes received goods of Donen Stores, Inc., in Ohio and "reshipped them back to Harrisburg". Plaintiff's sales manager who took the orders from Donen in New York City, testified on the other hand that Donen told him to ship the merchandise to the Harrisburg address because "it was the central clothing point for his stores". In any event defendant's activities in another State and not in this State gave rise to the liabilities here sued on.

Further, it appears that the stationery used by defendant on October 29, 1947, had printed thereon its New York City address. On the date last mentioned in a letter written by Donen to plaintiff, defendant's New York City address was typed out and in lieu thereof defendant's address was given as 208 Market Street, Harrisburg. Thereafter, defendant, on or about December 12, 1947, used stationery in which its Harrisburg address alone appeared. However, correspondence relating to defendant's business was also, on Donen's directions, mailed to either of the two Ohio stores or to New York depending upon where he was or expected to be at the time.

Under the foregoing facts was defendant foreign corporation "doing business" in the City of Harrisburg on December 20 1947?

To be amenable to process to enforce a personal liability, in the absence of consent, a foreign corporation must be "doing business" within the State in such manner and to such extent as to warrant the inference that it is present there: Philadelphia & Reading Railway Company v. McKibbin, 243 U. S. 264. However, there is no general principle which conclusively establishes in every case what constitutes "doing business" and each case must be governed by its own particular facts: New v. Robinson-Houchin Optical Company, 357 Pa. 47.

The essential elements which constitute "doing business" are the same as those necessary under the due process clause of the Federal Constitution. One of these essential requisites is that the business engaged in must be sufficient in respect to both quantity and quality. "Quality" refers to those acts directly furthering or essential to corporate objects; they do not include incidental acts. "Quantity" refers to acts so continuous and sufficient as to be termed general or habitual: Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240.

Further, in Holliday, Admrx., v. Pacific Atlantic Steamship Corp., 354 Pa. 271, Mr. Justice Linn, speaking for our Supreme Court, quoted from International Shoe Co. v. State of Washington et. al., 326 U. S. 310, as follows:

" ' "Presence" in the state in this sense (so as to satisfy due process requirements) has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. (citing cases) . . . Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. (citing cases) . . . To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process. . . . Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of

the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. Cf. Pennoyer v. Neff, 95 U. S. 714; Minnesota Commercial Men's Ass'n. v. Benn, 261 U. S. 140.' "

It would appear to be well settled that the mere solicitation of orders in a county and the renting of an office there as headquarters for salesmen who solicit orders or patronage do not constitute the doing of such business as to make a corporation subject to process in that county: Shambe v. Delaware & Hudson R. R. Co., supra.; Green v. Chicago B. & Q. Rwy. Co., 205 U. S. 530; Otto A. C. Hagen Corp. v. Empire Sheet & Tin Plate Co., 337 Pa. 232; Philadelphia Gear Works v. Read Machinery Co., Inc., 139 Pa. Superior Ct. 584. Again a foreign corporation which does no business of any kind within the State other than negotiating and performing contracts for the furnishing and setting up of fixtures manufactured without the State is not doing business within the State: Williams v. Golden & Crick, 247 Pa. 397.

Applying the principles of the cases hereinbefore cited to the facts of the instant case, we cannot find that the quality and nature of defendant's activities were such as to subject it to the jurisdiction of this court. No substantial part of its business was conducted in this State. The acts done by defendant in the City of Harrisburg were collateral or incidental in that they were merely in aid of a main purpose. None of the merchandise, the subject of this action, was sold or intended for sale in this State. Defendant's activities in another State and not in this State gave rise to the liabilities here sued on.

There is not enough in the record in our opinion to sustain a judgment in personam against defendant.

And now, May 2, 1949, defendant's rule upon plaintiff to show cause why the action should not be dismissed for lack of jurisdiction is hereby made absolute.