## Hinkel v. Beiting

*Gilbert E. Morcroft* and *Albert Foster*, for plaintiff.
*Daniel W. Long* and *Jno. P. Sipes*, for defendant.

SHEELY, P. J., September 13, 1949.—Pursuant to Pa. R. C. P. 1017 defendant has filed preliminary objections including a plea to the jurisdiction of the court, a motion for a more specific complaint, and a motion to strike off the complaint.

The plea to the jurisdiction raises the question of the service of the complaint upon defendant. Defendant is a nonresident and service was made under Pa. R. C. P. 2079 (*a*) which provides that process may be served by having the sheriff "send by Registered Mail, return receipt requested, a true and attested copy of the

process: (1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and (2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the ·Commonwealth". Defendant contends that this section was not complied with in that the copy of the complaint mailed to defendant was not attested by the prothonotary or the sheriff in accordance with Pa. R. C. P. 2079 and 1008, and was not a true copy, and that the sheriff's return of service is insufficient since it fails to show service of an attested copy.

At the argument defendant produced the copy of the complaint allegedly mailed to him to establish the fact that it was not a true copy of the original. The sheriff's return states that the copies mailed were true copies, and the question arises whether testimony can be introduced to contradict the return of the sheriff. In the case of a resident the rule has always been that the return of the sheriff cannot be set aside upon extraneous evidence that the copy served was not a true and attested copy: Bennethum v. Bowers, 133 Pa. 332 (1890) ; The Benwood Iron Works v. Hutchinson & Bro., 101 Pa. 359 (1882). The same rule applies even though defendant denies the fact of service: Flaccus Leather Co. v. Heasley, 50 Pa. Superior Ct. 127 (1912). See also Rickard v. Major, 34 Pa. Superior Ct. 107, 110 (1907). Where the return is incomplete or ambiguous testimony may be offered to supply the details if such evidence is consistent with, and not contradictory of, the return: Park Brothers & Co. v. Oil City Boiler Works, 204 Pa. 453, 458 (1903) ; Fulton v. Commercial Travelers' Mutual Accident Association, 172 Pa. 117 (1895). See Hudelson v. Lehigh Valley Railroad, 36 Pa. C. C. 245 (1908) for the application of both rules.

The rule that a sheriff's return is conclusive has been considerably relaxed, if not completely abrogated, in the case of nonresidents: Vaughn v. Love, 324 Pa. 276, 285 (1936). In Hagen Corporation v. Empire Sheet and Tin Plate Co., 337 Pa. 232, 233 (1940) it was said: "Whatever the rule may be as to individual residents or domestic corporations, a sheriff's return is not conclusive where a nonresident is involved."

Comparison of the copy of the complaint mailed to defendant with the original filed in this court discloses that it is not a true copy. The original complaint is endorsed with a term and number which is completely lacking in the copy. The original is signed by local counsel as well as foreign counsel, while the copy is signed only by foreign counsel. The affidavit is completed on the original copy but the signature and the jurat is blank on the copy. These omissions may seem trivial, but they are sufficient to prevent the copy served from being a true copy required by the rule. The copy served, while probably sufficient to notify defendant that an action had been instituted against him, was not sufficient to apprise him of the term and number of the action or of the fact that the complaint was actually sworn to, or by whom.

It also appears from the sheriff's return that the copies served both upon the Secretary of the Commonwealth and upon defendant were "true and correct copies" instead of "true and attested copies" as required by Pa. R. C. P. 2079(a). It has been held that a return of service of "a true copy" instead of a "true and attested copy" is fatal: Herrington v. Harter, 39 Pa. C. C. 131 (1911) ; Brenner v. Meltzer, 30 Pa. C. C. 294 (1904) ; Weston Mill Co. v. Brown, 1 Kulp 40 (1880). Plaintiff contends that under Pa. R. C. P. 1008 a true and correct copy is sufficient. That rule provides that "copies of the writ or complaint to be

served by the sheriff shall be attested by the prothonotary or sheriff or certified by the plaintiff to be true copies." The complaint served in this case was certified by the plaintiff's attorney to be a true and correct copy.

Pa. R. C. P. 1008 provides for copies for service in the method prescribed by rule 1009 which contemplates service upon a resident defendant. Pa. R. C. P. 2079 is the only rule providing for service upon a nonresident defendant, and the latter rule provides specifically that the copy of the process to be served must be a true and attested copy. We must assume that the Procedural Rules Committee had some reason for requiring a true and attested copy in the case of a nonresident. It is well settled that the return, especially in cases of substituted service, must show on its face strict compliance with all the requirements of the act authorizing the service, and unless the statutory mode of service is observed, the service is invalid and should be set aside: Powell v. Perkins, 211 Pa. 233, 237 (1905) ; Werner v. Clingerman, 28 D. & C. 200 (1936). This is especially true in the case of service upon nonresidents for the reasons well stated in Vaughn v. Love, 324 Pa. 276 (1936).

We cannot accept the argument of plaintiff, based upon the statement in Goodrich-Amram, section 2079(a)-2 (page 59) that "service upon the nonresident is effected when the copy is sent to the Secretary of the Commonwealth. The sending of a copy to the defendant is not a part of the service of the process and operates only as notice of the pendency of the action. The fact that it is merely notice and not service has the effect of minimizing irregularities in the giving of such notice, the failure to receive the notice, and irregularities in the sheriff's return of giving notice." Pa. R. C. P. 2079 provides that

process may be served upon defendant by having the sheriff send the copies to the Secretary of the Commonwealth *and* to defendant. It may be that the purpose of mailing the copy to defendant is to give him notice of the action, but under the rule the sheriff is required to do two things, and until he complies with both requirements service is incomplete. Without the requirement that the copy be mailed to defendant the rule would be unconstitutional: Wuchter v. Pizzutti, 276 U. S. 13, 72 L. Ed. 446. How then can it be contended that the mailing of the notice to defendant is not an essential part of the service of process?

It follows that the sheriff's return of service in this case is defective. It might also be noted that the return is further defective in that it fails to state that a return receipt was requested, or that the copy mailed to the Secretary of the Commonwealth was accompanied by the fee prescribed by law or that the copy mailed to defendant contained an endorsement thereon showing that service was made upon the Secretary of the Commonwealth.

As our conclusion on the question of jurisdiction is sufficient to dispose of the matter before us it would be unnecessary to consider defendant's other objections, but since plaintiff will undoubtedly proceed to serve the complaint in a proper manner it might be well to consider briefly the other points raised. The motion to strike off is based on a failure to comply with Pa. R. C. P. 1018 in that the caption does not set forth the number and term of the action or the form of the action. This objection is highly technical and should not be sustained. The complaint is headed as a "Complaint in Trespass" and the term and number is endorsed on the back of the complaint. This is sufficient for all purposes. It is further objected that the complaint does not comply with Pa. R. C. P. 1025 in that the complaint is not endorsed with an address in

Fulton County of either plaintiff or any of his attorneys. This objection must be sustained as the endorsement of an address within the county where papers may be served is an essential requirement. It is further objected that the affidavit to the complaint does not comply with Pa. R. C. P. 1024 in that it is not stated whether the facts are true upon the affiant's personal knowledge or information and belief. The affidavit is to the effect that the averments are true and correct, which is sufficient.

The motion for a more specific complaint relates to the claim for damages and complains that plaintiff has lumped his claim without stating the amounts expended for hospital, medicines, and X-rays, or to whom they were paid, and without stating any facts concerning his employment, his income, or the extent to which his earning power has been impaired. Likewise, plaintiff claims $601 as damages to his automobile but has failed to allege whether the automobile was repaired or whether that sum is the difference between the value before and after the accident and, if the latter, what those values were.

Defendant is entitled to know these facts so that he may be able to answer intelligently and to determine what items he can admit and what he will contest: See 3 Standard Pa. Practice 465, and cases there cited. Plaintiff relies upon Leonard v. B. & O. Railroad, 259 Pa. 51, 56 (1917), Parsons Trading Co. v. Dohan et al., 312 Pa. 464, 468 (1933), and Ackerman v. City of Williamsport, 227 Pa. 591 (1910), all of which hold that damages necessarily following as a natural and probable result of the injuries may be proved without special averments. Those cases do not hold, however, that defendant cannot compel plaintiff to specify his damages. There is a difference between the right of plaintiff to offer proof under a general averment of damages where defendant has not asked for a more

136

specific complaint, and the right of defendant to be advised of the basis of plaintiff's claim.

And now, September 13, 1949, the preliminary objections are sustained and the service of the complaint upon defendant is set aside.