Francis LOLLI
v.
MACK TRUCK, INC.
and
Burton Auto Spring Company.
Civ. A. No. 23434.

United States District Court
E. D. Pennsylvania.
July 14, 1958.

Harold Lipsius, Philadelphia, Pa., for Lolli.

John McDevitt, III, Philadelphia, Pa., for Burton.

Howard R. Detweiler, Philadelphia, Pa., for Mack Truck.

WELSH, District Judge.

Plaintiff, Francis Lolli, a citizen of New Jersey, was employed by E. F. Trucking Company of Camden, New Jersey, which Company had purchased in July of 1955, a new truck from the defendant, Mack Truck, Inc., a New York Corporation, registered and doing business in Philadelphia, Pennsylvania. On October 25, 1955, after the truck had been driven 5,348 miles, Francis Lolli was operating the truck South on Route 130, just North of Route 206, near Bordentown, New Jersey, when the left rear spring of the truck broke and caused it to veer off the highway and into a tree thereby injuring the plaintiff. The truck's springs were manufactured by the second defendant, Burton Auto Spring Company, an Illinois Corporation.

Service of process on the defendant, Burton Auto Spring Company, was made on two occasions, on October 23, 1957 at Room 1232 Land Title Building, Philadelphia, Pennsylvania by handing copies thereof to Miss Erma Babis, Secretary to Mr. W. P. Paul, and again on February 20, 1958 upon the Secretary of the Commonwealth of Pennsylvania by registered mail in accordance with Rules of Civil Procedure No. 2079, Clause (a), 12 P.S.Appendix.

Said defendant has moved to dismiss the action [1] (based on diversity of citizenship and jurisdictional amount) as to it on the ground that the aforesaid services are invalid, the second because (1) it was not "doing business" in Pennsylvania and (2) this cause of action did not

---

1. The defendant, Mack Truck, Inc., had moved to dismiss as to it; however, no action need be taken therein since the case insofar as plaintiff and said defendant are concerned has been settled.

arise "out of acts or omissions of the defendant within this Commonwealth", and the first because Mr. W. P. Paul and Miss E. Babis are not authorized by appointment or by law to accept service of process on behalf of the defendant.

The uncontradicted affidavits in support of said motion to dismiss disclose the following facts:

The defendant is a corporation, organized and existing under the laws of the State of Illinois, and has its principal office and place of business in Chicago, Illinois. It maintained or maintains in the Commonwealth of Pennsylvania no office or place of business, no bank account or business records of any kind whatsoever. It is not qualified to do business of any kind whatsoever in Pennsylvania, and, in fact, does no business in the Commonwealth of Pennsylvania. It is engaged in the manufacture and sale of leaf springs and has three customers for its products in Pennsylvania; it does not enter into any contracts in the State of Pennsylvania nor is any person or persons in said State authorized so to do; it receives orders for its product in Illinois and fulfills said orders by shipping its product from the State of Illinois to its customers in Pennsylvania through interstate commerce. It maintains in the Commonwealth of Pennsylvania no employees or agents nor has it designated or appointed any resident agent in said State; it has not authorized any person or firm in the Commonwealth of Pennsylvania to accept service of process issuing out of any Federal or State Courts sitting in Pennsylvania. Mr. W. P. Paul and Miss E. Babis are not officers, managing or general agents, employees or agents of defendant. Mr. W. P. Paul is not authorized to, nor does he, solicit orders, accept orders, receive orders, quote prices or bind the defendant in any manner whatsoever.

W. P. Paul is an independent manufacturer's representative representing several clients in unrelated fields. At present he acts in that capacity for Burton Auto Spring Company, Milwaukee Forge and Machine Company, Sanson and Rowland Incorporated, and other companies on a more spasmodic basis. His arrangement with all his clients is oral and not reduced to any written contract, his remuneration is in the form of commissions, and not on a salary basis. He maintains an office at 1232 Land Title Building, Philadelphia 10, Pennsylvania for which all expenses are borne by him. He employs a Secretary, Miss E. Babis, whose salary is paid by him. None of his clients require that he maintain an office or employ a Secretary, nor do they exercise any control over either. All expenses incurred by him in the operation of his business are paid by him. In the course of his business he established sales contacts with purchasers of leaf springs. Upon the cessation of business of William & Harvey Rowland, Inc., one of his former clients, he established an association with the defendant, Burton Auto Spring Company, and cultivated his contacts for the benefit of said defendant.

■ I. We must look here to State law because of Rule 4(d)(7), F.R.Civ. Proc., 28 U.S.C. to determine whether or not the defendant's Pennsylvania activities constitute the doing of business.

Prior to 1951, the law of Pennsylvania, insofar as it is here pertinent, was that the mere solicitation of business within the Commonwealth did not constitute "doing business" within the meaning of the Act of 1851.[2] Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755 and New v. Robinson-Houchin Optical Co., 357 Pa. 47, 53 A.2d 79. There had to be "other activities" in addition to the solicitation of business to make a foreign corporation's conduct the doing of business within the Commonwealth. New v. Robinson-Houchin Optical Co., supra, and Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222.

2. Act of April 8, 1851, P.L. 353, 12 P.S. § 1310, Section 6 whereof is suspended absolutely by Rule 2200, Pennsylvania Rules of Civil Procedure.

■ This so-called "solicitation plus" doctrine was modified by the Pennsylvania Act of September 26, 1951, P.L. 1475, Sec. 22, 15 P.S.Pa. § 2852–1011, as amended, which in pertinent part provides: "C. * * * the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'"

Said Act represents a clear intent on the part of the Pennsylvania Legislature to increase the protection of its citizens by enlarging the jurisdiction of the Courts of the Commonwealth over foreign corporations. See Florio v. Powder Power Tool Corporation, 3 Cir., 248 F.2d 367. We need not decide whether or not under said Act the Pennsylvania activities of the defendant, Burton Auto Spring Company, constitute the doing of business, for said Act was further amended by Act No. 370, effective September 1, 1957, by the deletion of subparagraph C. 1957, P.L. 711.

■ By this latter amendment Pennsylvania, we think, reverted to the "solicitation plus" doctrine. Applying that doctrine to the facts as outlined above we hold that the Pennsylvania activities of the defendant, Burton Auto Spring Company, do not constitute doing business since they fail to show the existence of even solicitation in the generally accepted sense. Assuming arguendo that said facts disclose solicitation within the Commonwealth that is all they do disclose and, therefore, they fall short of the requirement under the "solicitation plus" doctrine.

Accordingly, we conclude that the second service is invalid for the reason that the defendant, Burton Auto Spring Company, was not "doing business" within this Commonwealth.

■ II. In addition, is the second service invalid under Section 2852–1011, subdivision B.[3] (which was not affected by the aforementioned Act of September 1, 1957) since that section authorizes service only in those cases where the cause of action arises "out of acts or omissions of [a foreign] corporation within this Commonwealth"? We think so.

In Florio v. Powder Power Tool Corporation, supra [248 F.2d 374], the court, irrespective of the fact that the defective tool had been negligently manufactured in the State of Oregon, held that "in the absence of legislative history to the contrary, that it was the intent of the Pennsylvania Legislature to regard an *injury* flowing from the careless manufacture of an instrumentality as the *act* veritably contemplated by subsection B.". Thus, it was held in that case that service was valid because the injury occurred in Pennsylvania. In the instant case, however, no "act" occurred in Pennsylvania, the leaf spring having been manufactured outside this Commonwealth, presumably in Illinois, and the injury having occurred in New Jersey.

■ III. The first service, we think, was likewise invalid. That W. P. Paul and Miss E. Babis are not authorized by appointment or by law to accept service of process on behalf of the defendant is so clear under the facts as disclosed in the affidavits that we deem any discussion thereon unnecessary.

■ IV. For reasons herein stated the motion of the defendant, Burton Auto Spring Company, to dismiss the *within action* will be granted.

An appropriate order will be prepared and submitted.

3. "B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth. * * *"