## Segal v. E. L. Bruce Co.

*William C. Cahall, 3rd*, for plaintiff.
*William B. Koch*, for E. L. Bruce Company.
*Frank R. Ambler*, for Terminix Company.

GERBER, J., September 11, 1959.—Defendant, a foreign corporation, objects preliminarily to the jurisdiction on the theory that it is not doing business in Pennsylvania and not subject to service in a suit instituted against it in this State.

Defendant, E. L. Bruce Co., is a Delaware corporation whose principal place of business is located in Memphis, Tenn. Terminix Company of Philadelphia, Inc., is an exclusive territorial licensee of defendant in the use of a chemical called Terminix which chemical is used in connection with pest control service.

Terminix Company of Philadelphia, Inc., contracted to do certain work necessary for the elimination of termites at plaintiff's place of business. In doing this work Terminix Company of Philadelphia, Inc., used chemicals manufactured by E. L. Bruce Co. The germicides allegedly caused certain damage to plaintiff's stock in trade. Plaintiff alleges that defendant improperly manufactured the chemicals or permitted its licensee to use the germicides without proper instructions as to the suitability of the chemicals to the type of business involved.

Defendant contends that service upon it by serving the Secretary of the Commonwealth of Pennsylvania by registered mail was not valid service because it was not "doing business" in Pennsylvania within the meaning of the following acts: Business Corporation Law of May 5, 1933, P. L. 364, art. X, sec. 1011; Act of July 2, 1937, P. L. 2828, sec. 1; Act of September 26, 1951, P. L. 1475, sec. 22; Act of August 19, 1953, P. L. 1119, sec. 10; Act of July 11, 1957, P. L. 711, sec. 1, 15 PS §2852-1011.

The pretrial depositions disclosed the following facts:

Defendant is a corporation existing pursuant to the laws of the State of Delaware and has its principal place of business in Memphis, Tenn., having neither stockholders nor directors' meetings in Pennsylvania. It does not manufacture products in Pennsylvania; it is not registered to do business in Pennsylvania; nor does it have an office or any other place of business in Pennsylvania. Defendant has no salesmen in Pennsylvania soliciting the sale of its products, nor does it have any employes in Pennsylvania except an occasional visit from a field representative to its franchise holder. Defendant has no representatives nor duly authorized agents in Pennsylvania; it has no appointed agents to accept service of process in Pennsylvania;

it does not sell any products to the public but sells chemicals to Terminix Company of Philadelphia, Inc., which the latter corporation uses in rendering a service to the public.

E. L. Bruce Co. is one of the largest manufacturers of hardwood floors and, in addition, manufactures various chemicals for insect and pest control. The chemicals used for termite elimination are called Terminix. Defendant has granted exclusive territorial licenses to various service companies throughout the country to use Terminix in connection with pest control service. Terminix Company of Philadelphia, Inc., is an independent service company and entered into such a contract with E. L. Bruce Co. 25 years ago. Other than Terminix Company of Philadelphia, Inc., being a franchise holder of defendant for the use of Terminix in pest control service, there is no corporate relationship between the two corporations. There are no interlocking directors nor officers nor shareholders between defendant and Terminix Company of Philadelphia, Inc. The latter has no authority to act for or adjust claims for defendant.

When Terminix Company of Philadelphia, Inc., does a job, the E. L. Bruce Co executes a certain guarantee in connection therewith. The guarantee form is sent by Terminix Company of Philadelphia, Inc., to defendant in Tennessee and the guarantees are executed in Tennessee after Terminix Company of Philadelphia, Inc., has completed its job and after it has been fully paid for its services. The E. L. Bruce Co. name appears in the telephone book, on seals, on the cards of the employes of Terminix Company of Philadelphia, Inc., and in its advertising, but this is all paid for by Terminix Company of Philadelphia, Inc. There is no testimony whatsoever that defendant sets prices which its franchise holder must charge nor that it requires a minimum amount of purchases by its franchise holder; nor

that it has a right to or does inspect Terminix Company of Philadelphia, Inc., nor that it requires liability insurance in its favor, nor that it controls the advertising policy or any other policy of Terminix Company of Philadelphia, Inc. There is no testimony that the volume of business done by E. L. Bruce Co. in Pennsylvania is substantial, nor has it been shown that the sales from defendant to Terminix Company of Philadelphia, Inc., are contracted for in Pennsylvania rather than in Tennessee.

At common law a corporation could be sued only in territorial jurisdiction where it had its legal domicile. See Shambe v. Delaware & Hudson R. R. Co., 288 Pa. 240 (1927).

The Pennsylvania legislature by acts of assembly hereinbefore mentioned provides for the service of process against a foreign corporation by service upon the Secretary of the Commonwealth of Pennsylvania.

Before a State may compel the corporation of another State to submit to its jurisdiction, or before a corporation may legally be in another State for the purpose of service of process, it must be present in the State by the act of someone authorized to represent it. See Shambe v. Delaware & Hudson R. R. Co., supra.

The acts of the agent must be done within the State sufficiently to indicate an intention to be bound by the laws relative to suits against it. See Shambe v. Delaware & Hudson R. R. Co., supra.

The fact that a foreign corporation is engaged solely in interstate commerce does not prevent it being sued in our courts or becoming amenable to our laws. If what they are doing, whether intrastate or interstate, amounts to a "doing business" within the State, the requirements of the Fourteenth Amendment to the Federal Constitution are satisfied: International Harvester Company of America v. Kentucky, 234 U. S. 579 (1914).

The State, however, does not possess an unlimited right to impose its jurisdiction on foreign corporations. If its acts are not sufficient to constitute "doing business," they cannot be held. A State has no power to render a personal judgment against a foreign corporation "not doing business within the state": International Harvester Company of America v. Kentucky, supra.

In Shambe v. Delaware & Hudson R. R. Co., supra, the court held that the essential elements which constitute "doing business" are: The company must be present in the State; (2) by an agent; (3) duly authorized to represent it in the State; (4) the business transacted therein must be by or through such agent; (5) the business engaged in must be sufficient in quantity and quality. The term "quality of acts" means those directly furthering or essential to corporate objects; they do not include incidental acts. By "quantity of acts" is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough.

The foregoing represented the interpretation of the Pennsylvania statutes before 1951 for the service of process on nonregistered foreign corporations "doing business" within the Commonwealth as said phrase "doing business" was interpreted for purposes of service and jurisdiction. This interpretation required more than the mere solicitation of business within the Commonwealth. Other activities in addition to the solicitation of business within the Commonwealth were required in order for a foreign corporation to be "doing business" in Pennsylvania for purposes of jurisdiction and service: New v. Robinson-Houchin Optical Company, 357 Pa. 47 (1947).

In determining whether a foreign corporation is "doing business," the authority of its representatives within the Commonwealth to bind the foreign corpora-

tion contractually is crucial: Lutz v. Foster & Kester Co., Inc., 367 Pa. 125 (1951).

In September of 1951, the legislature amended the act providing:

"C. . . . the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefits or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'"

This act was interpreted as shifting the stream of Pennsylvania law from the restrictive views of the Lutz case, supra, to the broader views of those jurisdictions which sought to assert as much authority over nonresident and foreign corporations as the "due process" clause of the Federal Constitution would permit. Under this amendment, substantial and regular solicitation was sufficiently "doing business" to permit service of process under the act. See Florio v. Powder Power Tool Corp., 248 F. 2d 367 (3rd Cir. 1951); Kulicke v. Rollway Bearing Company, Inc., 131 F. Supp. 572 (E. D. Pa. 1955); Solt v. Interstate Folding Box Company, 133 F. Supp. 7 (E. D. Pa. 1955); Jenkins v. Dell Publishing Company, Inc., 130 F. Supp. 104 (E. D. Pa. 1955); Crevar v. Duquesne Motor Coach Lines, 103 Pitts. L. J. 124 (1955); Ramey v. Donora Southern Railroad Co., 13 D. & C. 2d 732 (1956).

We need not consider whether the activities of E. L. Bruce Co. constitute the doing of business under the 1951 amendment, because the act was further amended by the deletion of subparagraph (C) of section 1011, effective September 1957. In the present case, process was served on defendant, E. L. Bruce Co., on June 23, 1958, so that validity of process must be determined under the act with subparagraph (C) deleted.

The present law of Pennsylvania is the same as that which existed prior to the 1951 amendment; the principles declared in the Lutz case, determining when a foreign corporation is "doing business" within the meaning of the service of process acts, has been reestablished as the law of Pennsylvania: Lolli v. Mack Truck, Inc., 170 F. Supp. 671 (E. D. Pa. 1958).

"When the legislature by the Act of 1957 enacted a revision of the whole subject of the admission of foreign business corporations, and in doing so dropped from the code the broad definition of 'doing business' contained in section 1011(C), it certainly did not intend to create a vacuum in the law. Pennsylvania had through a long course of decisions by its courts prior to 1951 established a workable definition of 'doing business'. When the legislature dropped that definition from the 1957 Act, the only intent that can logically be imputed to it was to return to the long established definition": Shoultz v. Revolvator Company, Inc., United States District Court for the Eastern District of Pennsylvania, Civil Action no. 2483, opinion by Judge Kirkpatrick filed February 5, 1959. See Legal Intelligencer, March 6, 1959.

Applying the principles of the Lutz decision to the case at bar, we hold that the Pennsylvania activities of the E. L. Bruce Co. do not constitute the doing of business, since Terminix Company of Philadelphia, Inc., had no authority to bind E. L. Bruce Co. and the activities of defendant E. L. Bruce Co. failed to establish an identity with Terminix Company of Philadelphia, Inc.

Plaintiff relies on the agreement between defendant E. L. Bruce Co. and Terminix Company of Philadelphia, Inc., by which Terminix Company of Philadelphia, Inc., became defendant's exclusive territorial licensee, together with certain other activities of defendant in Pennsylvania and especially the fact that

E. L. Bruce Co. guarantees the effectiveness of Terminix Company of Philadelphia, Inc.'s, local extermination contracts.

The facts in the case at bar fail to even show solicitation in the generally accepted sense, in that E. L. Bruce Co. was not engaged in the solicitation of business from the public, it was not selling a product to the public either directly or indirectly. It sold a chemical to Terminix Company of Philadelphia, Inc., which the latter used as part of a service. There is no evidence that any representative of defendant solicited any business from Terminix Company of Philadelphia, Inc., in Pennsylvania. Thus not only is there a failure to show any activity of defendant in Pennsylvania in addition to the solicitation, but there is a failure even to show solicitation of business in Pennsylvania by any representative of defendant in Pennsylvania.

While it is true that E. L. Bruce Co. guarantees the effectiveness of Terminix Company of Philadelphia, Inc., exterminating contracts, such guaranties are executed in Memphis, Tenn., by E. L. Bruce Co. and returned to Terminix Company of Philadelphia, Inc., who in turn delivers the guaranty to the customer. All of this is done after Terminix Company of Philadelphia, Inc., has been fully paid by its customer. It is clear that Terminix Company of Philadelphia, Inc., has no power to act for or bind in any way the E. L. Bruce Co.

The many cases cited by plaintiff are cases decided either under the 1951 amendment or were franchise cases wherein the conduct of the holder of the franchise was so restricted by the terms of the franchise contract that defendant would have such control over the operation of the business of the franchise holder as to make the latter the agent of defendant for all practical purposes. In this case it has been shown that defendant

has no control whatsoever over the business of the franchise holder.

Plaintiff contends that his cause of action arose during the effective period of the 1951 act and that even though he instituted suit after the effective date of the 1957 act he is entitled to have this case ruled by the law applicable under the 1951 amendment. This is not so. The question is one of service and jurisdiction. Service is procedural and in the absence of the amending statute preserving the method of service it no longer exists. When jurisdiction of a cause depends upon a statute, the repeal of the statute without reservation deprives the court of all jurisdiction which the statute had conferred.

And now, to wit, September 11, 1959, the preliminary objections are sustained and this action is dismissed because of the absence of jurisdiction of this court over defendant.