## Keystone Organic Corp. v. Wertz Engineering Co.

*Abrahams & Loewenstein* and *Gerhart & Gerhart*, for plaintiff.

*Paul N. Schaeffer* and *Theodore R. Gardner*, for defendant.

HENNINGER, P. J., February 13, 1963.—Plaintiff has paid our Lehigh County courts the high compliment of choosing our jurisdiction for a suit involving an installation at Route 1, Birdsboro, Berks County, Pennsylvania, against a Berks County corporation, and with Berks County lawyers representing the parties to the suit. The action is a transitory one, however, and if venue lies in Lehigh County, plaintiff's motive in choosing our court is immaterial: Moustakas v. Metropolitan Casualty Insurance Company of New York, 89 D. & C. 551, 558, 26 Lehigh 124, 132. Since the counties are adjoining with excellent connecting highways, we see no element of harassment in this choice of jurisdictions.

Defendant has filed preliminary objections asking that the complaint be dismissed for want of jurisdiction. Certainly we have jurisdiction over the subject matter, a breach of implied warranty, so we take it that defendant is questioning our jurisdiction over the person (corporate body) of defendant.

Jurisdiction over the person is challenged for two reasons: (1) lack of venue; and (2) no return of proper service.

Venue of suits against corporations is determined by Pa. R. C. P. 2179(a), which reads as follows:

"Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

It is clear that Lehigh County is not the locus of the registered office or principal place of business, the cause of action did not arise here, nor did any transaction or occurrence take place here out of which the cause of action arose.

If plaintiff is to be permitted to proceed in the Lehigh County courts, it must be on the basis that Wertz Engineering Company "regularly conducts business" in Lehigh County.

Whether or not defendant regularly conducts business in Lehigh County is a question of fact: Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 129; New v. Robinson-Houchin Optical Company, 357 Pa. 47, 49.

On the question of fact, we have the depositions of the deputy sheriff who served the complaint and those of the president of defendant corporation and of defendant's supervisor at 555 Union Boulevard, Allentown, Pennsylvania, where the complaint was served.

There is no dispute that Vincent Strollo, Jr., is defendant's superintendent in charge of defendant's operations as a subcontractor in charge of plumbing and heating work being performed at the Western Electric plant on Union Boulevard in Allentown, Lehigh County, that that was his job on June 26, 1962, when he was served with the complaint and on October 31, 1962, when depositions were taken.

Defendant maintained at least a field office in a trailer on the Western Electric property with a telephone therein listed. We are convinced that the field

office did not transact any business other than to further completion of the Western Electric job.

Whether performing work for a corporation is conducting business by the corporation is often a close question.

In Lallone v. Philadelphia Suburban Transportation Company, 61 D. & C. 248, and in Iannetti v. Philadelphia Suburban Transportation Company, 61 D. & C. 276, a bus company was held amenable to suit in Philadelphia County, because it regularly had routes over Philadelphia streets, despite the fact (1) that this was a minimal part of its service and (2) that the accident giving rise to the suit occurred one in Chester County and one in Delaware County, where defendant had its principal office.

We had occasion to pass upon Pa. R. C. P. 2179 in Everett v. Robbins, 80 D. & C. 207, 25 Lehigh 8, and in Moustakas v. Metropolitan Casualty Insurance Company, supra, in which we held in the Robbins case that the maintenance of an office for the sale of houses and for their servicing and, in the Metropolitan case, the placing and servicing of insurance policies in our county, made defendants amenable to service in our county.

The present case is distinguishable. Without deciding that mere presence in a county to fulfill a contractual obligation is not conducting business, we sense a distinction between "doing work" and "conducting business."

It is clear that defendant's trailer on Western Electric's property was a working facility and not a branch office for defendant. The supervisor's responsibility did not go beyond doing his employer's work on a single contract. True he may have had authority to hire men or to purchase material but this was limited to the one operation and did not relate to defendant's business except in a very limited way.

Our case is also distinguishable from White v. St. Paul Fire & Marine Ins. Co., 4 D. & C. 2d 184, because in that case, the complaint stated that defendant was conducting business in Lackawanna County and that declaration was accepted as verity. In our case, there was no such allegation excepting in a reply to the preliminary objection, a pleading which did not require a denial.

The many decisions relating to "doing business" under the acts relating to foreign corporations (currently sections 1011B and 1011C of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §§2852-1011 B and C) are not conclusive, although they are informative. Even in the new section 1011C (Act of November 10, 1959, P. L. 1406) the test for doing business is "a series of similar acts."

That defendant has acccepted and does accept as many jobs as it can get in Lehigh County does not mean that it *regularly* conducts business here. In our opinion, "regularly conducting business" is a more restrictive clause that "performing a series of similar acts."

There would be no purpose in restricting the venue of actions against corporations if they are held amenable to any jurisdiction in which its employes are to be found at work. Furthermore, if that were the case there would be no reason for subparagraphs (a) (3) and (a) (4) of Pa. R. C. P. 2179 extending jurisdiction to the place where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

It is to be noted that our decision will not permit a corporation to make a contract or to commit a tort within our county and then compel a litigant to follow it to its home county to seek redress. Subsections (a)-(3) and (a) (4) above provide for that contingency and Pa. R. C. P. 2180 provides for the necessary extraterritorial service. Should men be employed or material be

purchased by the foreman on any Lehigh County job or should anyone be injured in Lehigh County, while defendant was performing work here, or elsewhere, defendant would be amenable to our courts.

We again emphasize that it is a question of fact whether a corporation is "regularly conducting business" in our county. A variety of factors enter into the definition and each case must depend upon its own circumstances. In this case, we cannot find that defendant regularly conducted business in Lehigh County.

Now, February 13, 1963, defendant's preliminary objections to the venue of this court are sustained and it is ordered that the service of plaintiff's complaint be stricken without prejudice to plaintiff's right to proceed against defendant in any jurisdiction in which venue may lie. Plaintiff to pay the costs.