**SOLT**

v.

**INTERSTATE FOLDING BOX CO.**

Civ. No. 16536.

Leon H. Kline, David Berger, Philadelphia, Pa., Israel T. Klapper, Hazleton, Pa., for plaintiff.

Howard R. Detweiler, Frank R. Ambler, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This is a civil action to recover damages for injuries sustained by plaintiff as a result of the negligence of an employee of the defendant. Plaintiff is a citizen of Pennsylvania and defendant is an Ohio corporation with its principal office in Middletown, Ohio. Defendant is not registered with the Secretary of the Commonwealth of Pennsylvania as a foreign corporation authorized to transact business in Pennsylvania.

The matter is now before the Court on defendant's motion to dismiss the complaint on the grounds of lack of venue and improper service. The Marshal's return indicated that service of the complaint and summons was made upon Marie Senior, Receptionist for defendant, at 23 Maplewood Avenue, Philadelphia, Pennsylvania. The parties stipulated that the said service should be treated as having been made upon LeRoy Levitt at the same address. The motion is based on the contention that the defendant was not doing business in Pennsylvania in the sense of being subject to service of process therein, and secondly, that service was not made upon an authorized agent of the defendant. The motion must be decided on the facts averred in the complaint and a deposition which for the purpose of this motion will be accepted as true.[1]

Defendant, a manufacturer of folding boxes, is an Ohio corporation with its principal place of business in Middletown, Ohio. It has maintained an office in Philadelphia for about thirty years, of which the last three years has been in one room located at 23 Maplewood Avenue. The lease for this office was executed at Middletown and the rent is paid from there. Levitt has been employed by defendant, on a commission

---

1. Read v. Corbitt Co., D.C.E.D.Pa., 10 F.R.D. 125.

basis, as its Philadelphia sales representative for three and one-half years. Defendant is listed in the Philadelphia telephone directory and its name is listed in the hallway entrance at the 23 Maplewood Avenue address. A telephone answering service is employed by defendant. Levitt's territory consists of eastern Pennsylvania, New Jersey (exclusive of the metropolitan area), Maryland, Delaware, and the District of Columbia. When he is on the road calls are handled by the telephone operator who is an employee of the telephone answering service. Other than samples, no merchandise is handled in the Philadelphia office. Levitt's orders are referred to Middletown, where they may be accepted or refused. All bills are paid and all contracts are entered into at Middletown. Levitt is without authority to bind defendant on any sort of contract. The Philadelphia office does no advertising and has no company stationery on which the Philadelphia address is carried. However, Levitt does use a calling card giving the name of defendant, Levitt's name, and the Philadelphia address. Levitt receives correspondence addressed to the defendant at the Philadelphia address, which relates generally to orders, work in progress, and prices. Levitt contacts customers concerning prices or shipment damage and refers the same to the company for determination.

In short, we have here one lone representative of this foreign (to Pennsylvania) corporation covering, on a commission basis, substantial parts of Pennsylvania and New Jersey, and all of Maryland, Delaware and the District of Columbia, with a one room office maintained primarily as a telephone convenience, a place to receive mail and store samples. There is nothing in the record to indicate the volume of sales in this sales area, although the representation has been maintained for thirty years.

Since jurisdiction here is based solely on diversity of citizenship, it is necessary to apply the Pennsylvania law of "doing business" to determine the validity of service of process.[2] The leading case in Pennsylvania, of course, is Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755, 757. The court there spelled out the test as follows:

"* * * The essential elements which constitute 'doing business,' as required by our laws, are the same as those necessary under the due-process clause of the federal Constitution. We must ascertain if the following requisite essentials appear in this case: (1) The company must be present in the state; (2) by an agent (citing cases); (3) duly authorized to represent it in the state (citing cases); (4) the business transacted therein must be by or through such agent (citing cases); (5) the business engaged in must be sufficient in quantity and quality (citing cases); (6) there must be a statute making such corporations amenable to suit (citing case). The term 'quality of acts' means those directly furthering, or essential to, corporate objects; they do not include incidental acts (citing cases). By 'quantity of acts' is meant those which are so continuous and sufficient to be termed general or habitual. A single act is not enough: (citing case). Each case must depend on its own facts, and must show that the essential requirement of jurisdiction has been complied with."

While it is unfortunately true that there is "no general principle or standard whereby it may be conclusively determined in all instances what constitutes 'doing business'", and that each case must be determined on its own peculiar facts, one principle has become

2. Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193; Read v. Corbitt Co., supra; Allentown Record Co., Inc. v. Agrashell, Inc., D.C.E.D.Pa., 101 F. Sup. 790, 792; see also Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524.

definitely recognized, namely, mere solicitation does not constitute "doing business." [3] New v. Robinson-Houchin Optical Co., 357 Pa. 47, 53 A. 2d 79, 80, held (citing International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95) "It must be 'solicitation plus other activities.'" Again quoting from Lutz v. Foster & Kester Co., Inc.,

"* * * Such 'other activities' do not consist of acts of courtesy performed by business solicitors, without compulsion, in order to satisfy or accommodate customers. Nor do they reside in the number of solicitors employed or the character and extent of the facilities provided them for carrying on their solicitations such as office space and office equipment of desks, typewriters, filing equipment and telephones, or in the identification of the company or its representatives emblazoned on the office door or printed in the telephone directory. The criterion is, rather, whether the local solicitors have authority to bind the foreign corporation by which they are employed. * * *"

As in the Shambe case and the Lutz case, so here the orders obtained by defendant's sole solicitor in a large territory were not binding on the company until they were received and accepted by it at its home office in Middletown, Ohio.

In my opinion, this case is completely lacking in the essential "solicitation plus other activities" to bring the defendant in the legal category of "doing business" in Pennsylvania.

Motion to dismiss the complaint will be granted.

### Order

Now, to wit, August 19, 1954, for the reasons set forth in Memorandum this day filed, motion to dismiss the complaint is granted.

3. Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222, 224.