Laura M. **SOLT**

v.

**INTERSTATE FOLDING BOX COMPANY.**

**Civ. A. No. 16536.**

United States District Court
E. D. Pennsylvania.
Aug. 19, 1955.

Leon H. Kline, David Berger, Philadelphia, Pa., Israel T. Klapper, Hazleton, Pa., for plaintiff.

Howard R. Detweiler, Frank R. Ambler, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

This matter is now before the Court on plaintiff's motion for rehearing and vacating of the judgment entered on defendant's motion to dismiss on the ground of lack of venue in that defendant, an Ohio corporation, was not "doing business" in the State of Pennsylvania. 123 F.Supp. 376.

This Court feeling bound by the Pennsylvania law as announced in Shambe v. Delaware & Hudson R. Co., 288 Pa. 240, 135 A. 755, and Lutz v. Foster & Kester Co., Inc., 367 Pa. 125, 79 A.2d 222, granted the motion to dismiss. In stating the facts pertinent to the issue of whether this foreign corporation was doing business in Pennsylvania under the Pennsylvania concept we said:

"Defendant, a manufacturer of folding boxes, is an Ohio corporation with its principal place of business in Middletown, Ohio. It has maintained an office in Philadelphia for about thirty years, of which the last three years has been in one room located at 23 Maplewood Avenue. The lease for this office was executed at Middletown and the rent is paid from there. Levitt has been employed by defendant, on a commission basis, as its Philadelphia sales representative for three and one-half years. Defendant is listed in the Philadelphia telephone directory and its name is listed in the hallway entrance at the 23 Maplewood Avenue address. A telephone answering service is employed by defendant. Levitt's territory consists of eastern Pennsylvania, New Jersey (exclusive of the metropolitan area), Maryland, Delaware, and the District of Columbia. When he is on the road calls are handled by the telephone operator who is an employee of the telephone answering service. Other than samples, no merchandise is handled in the Philadelphia office. Levitt's orders are referred to Middletown, where they may be accepted or refused. All bills are paid and all contracts are entered into at Middletown. Levitt is without authority to bind defendant on any sort of contract. The Philadelphia office does no advertising and has no company stationery on which the Philadelphia address is carried. However, Levitt does use a calling card giving the name of defendant, Levitt's name, and the Philadelphia address. Levitt receives correspondence addressed to the defendant at the Philadelphia address, which relates generally to orders, work in progress, and prices. Levitt contacts customers concerning prices or shipment damage and refers the same to the company for determination."

It should be added that such correspondence was then answered at this office by Levitt. Levitt also had persons visit him there on defendant's business. He investigated questions of adjustments, either at defendant's request or on his own initiative, and reported his recommendations to the company. He investigated any complaints and reported to the company. When it was not a stock order, Levitt would go to the customer or prospect, find his requirements and mail the specifications to the defendant who would then make up a sample and designate the price. Levitt would submit such sample and price to the prospect and if an order was obtained, forward same to defendant who would send an acknowledgment to the customer and a copy to Levitt. Upon shipment of the merchandise, a copy of the invoice was sent to Levitt. When a customer wanted to make a test of the product, a sufficient number of samples were sent to Levitt, who took them to the customer and was present, on behalf of defendant, when the test was made, to assure its fairness, and would then report to the defendant.

On the motion for rehearing our attention has been called to a pertinent amendment of the Pennsylvania Business Corporation Law, 15 Pa.P.S. § 2852–

1011, which is well summarized in Standard Pennsylvania Practice, Goodrich-Amram Procedural Rules Service Annotations § 2179(a)–3, as follows:

"On September 26, 1951 the Legislature amended § 1011 of the Business Corporation Law to provide a statutory definition of 'doing business' by foreign corporations. The Amendment reads:

" 'For the purposes of this act the entry of any corporation into this commonwealth, for the doing of a series of similar acts, for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object or doing a single act in this commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute "doing business." ' "

While the rehearing was pending, Judge Lord of this District had occasion in Kulicke v. Rollway Bearing Co., Inc., D.C., 131 F.Supp. 572, to discuss the impact of this amendment on the Shambe and Lutz cases which were prior to the amendment. I am in full accord with the conclusion reached by Judge Lord that this statutory definition of what constitutes "doing business" in Pennsylvania materially broadened the scope of the "doing business" concept in Pennsylvania and removed many of the restrictions of the Shambe and Lutz cases and permits the more liberal approach heretofore evidenced in the Federal decisions to which Judge Lord makes full reference. No purpose would be served by repeating what he has already so ably stated.

Being satisfied that the facts in the present case bring the defendant within the scope of the more expanded field of what constitutes "doing business" in Pennsylvania, and also in so far as the person served is concerned, that Levitt was the sole sales representative of the defendant in Pennsylvania and therefore a proper person for service, it follows that the judgment heretofore entered should be vacated and the motion to dismiss denied.

An Order will be entered accordingly.