Mario **FLORIO**, a minor, by his next friends and natural parents, Cesare Florio and Mary Florio, and Cesare Florio and Mary Florio, in their own right,

v.

**POWDER–POWER TOOL CORP.**

and

General Equipment Company, Incorporated.

Civ. A. 19911.

United States District Court
E. D. Pennsylvania.

Oct. 26, 1956.

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Morris Passon, Philadelphia, Pa., for General Equipment Co.

John J. McDevitt, III, Philadelphia, Pa., for Powder-Power Tool Corp.

GRIM, District Judge.

On December 4, 1954, an employee of a building contractor, while working in Wallingford, Delaware County, Pennsylvania, was using a "drive-it" tool for the purpose of driving studs into a steel beam. As he was doing this a metal stud was ejected from the tool in such a way that it struck plaintiff, Mario Florio, on the head and caused serious injury to his brain. Powder-Power Tool Corp., an Oregon corporation, made the "drive-it" tool and sold it to General Equipment Company, Incorporated, a Maryland corporation with a place of business in Pennsylvania, which resold it. In this diversity action, Florio, a Pennsylvania citizen, has sued both Powder-Power Tool Corp. and General Equipment Company, averring that both defendants were negligent in providing a tool which was dangerous, defective and not fit for the purpose intended.

Defendant General Equipment Company, Incorporated is making no contention at the present time, but defendant Powder-Power Tool Corp., which is not registered to do business in Pennsylvania, has filed a motion to dismiss the action against it, contending that no valid service of process has been made on it.

Plaintiff attempted to make service upon Powder-Power Tool Corp., in this action by having process served upon the Secretary of the Commonwealth under Section 1011, subd. B of the Pennsylvania Business Corporation Law of 1933, as amended:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising out of acts or omissions of such corporation within this Commonwealth. * * * Where process is issued against any such foreign business corporation by any court of the United States empowered to issue such process under the laws of the United States, the Secretary of the Commonwealth is authorized to receive such process in the same manner as herein provided for process issued by courts of this Commonwealth * * *." 15 P.S. § 2852–1011, subd. B.

Plaintiff contends that this method of service was correct for the reason that Powder-Power, a foreign corporation not registered in Pennsylvania, subjected itself to the provisions of Section 1011, subd. B by having done business in Pennsylvania within the statutory definition of "doing business" enacted in Section 22 of the Act of September 26, 1951, P.L. 1475, which added, after Section 1011, subd. B of the Business Corporation Law, a new subsection C, as follows:

"C. For the purposes of this act, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose with the intention of thereby initiating a series of such acts, shall constitute 'doing business'."

Powder-Power contends that it has not done and is not now doing business in Pennsylvania as that term is defined in subsection C. If this contention is correct, Section 1011, subd. B does not apply and service upon the Secretary of the Commonwealth is not valid service upon Powder-Power.

Powder-Power Tool Corp. has sold its tools in Pennsylvania to General Equipment Company, Incorporated, its exclusive dealer in Pennsylvania, and to no other person or corporation in Pennsylvania. Its sales into Pennsylvania

from 1952 to 1955, the year when the suit was started, have been:

| 1952 | $ 2,647.89 |
| 1953 | $22,596.46 |
| 1954 | $29,664.82 |
| 1955 | $17,662.14 |

There is no evidence as to the price of each tool or the specific dates of the sales, but it can be assumed from these figures that there has been a long series of sales by Powder-Power Tool Corp. to General Equipment Company in Pennsylvania. Plaintiff contends that this long series of sales constitutes doing business in Pennsylvania. He contends that in the words of the statute these sales constitute the entry of the corporation into Pennsylvania "for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit."

Powder-Power Tool Corp. maintained no office or place of business in Pennsylvania. It had no business solicitors there. It maintained no bank account or business records there. It did not advertise nor was its name found in any telephone book there. It sold and shipped its product directly to General Equipment Company and not to any of General Equipment's customers. Its relationship with General Equipment Company, its exclusive distributor in Pennsylvania, was that of vendor and vendee. It did not know who General Equipment's customers were or to whom its tools were sold. It owned no stock in General Equipment Company.

The only employee of Powder-Power Tool Corp. who entered Pennsylvania was a factory representative whose office was in New York. This factory representative periodically visited General Equipment Company at its place of business in Philadelphia to instruct General Equipment's employees with respect to servicing and maintaining tools manufactured by Powder-Power. Occasionally while in Pennsylvania, the factory representative made minor adjustments and repairs to Powder-Power products.

The purpose of the 1951 amendment to the Business Corporation Law, Section 1011, subd. C, was to broaden the meaning of the phrase "doing business"[1], See Judge Lord, Kulicke v. Rollway Bearing Co., D.C.E.D.Pa.1955, 131 F.Supp. 572, Judge Follmer, Solt v. Interstate Folding Box Co., D.C.E.D. Pa. 1955, 133 F.Supp. 7, to make it easier for citizens of Pennsylvania to sue foreign corporations. In my opinion, however, the broadened definition does not extend far enough to cover the situation in the present case.

The 1951 definition of "doing business" apparently was taken from comment a of Section 167 of the Restatement of the Law of Conflict of Laws, since it incorporates word for word the language of the Restatement definition. In explaining and amplifying its definition the Restatement gives an illustration: (Restatement, Conflict of Laws Sec. 167, Illustration 3)

"A, incorporated in state X, manufactures automobiles and ships them to a dealer in state Y, giving to the dealer an exclusive territory, with power to A to inspect the dealer's stock and accounts. The dealer agrees to charge only certain prices and to maintain a certain supply of repair parts. A is not doing business in Y."

It appears to me that this Restatement illustration is directly in point with the facts in the present case. Since the Pennsylvania legislature took its "doing business" definition from the Restatement it would seem to me that it intended to adopt as well the illustrations used to explain the definition. In

1. Although this is a suit in a federal court, the meaning of the phrase "doing business" is a problem of Pennsylvania law. Pulson v. American Rolling Mill Co., 1 Cir., 1948, 170 F.2d 193, Partin v. Michaels Art Bronze Co., 3 Cir., 1953, 202 F.2d 541.

the absence of Pennsylvania decisions on the problem I feel constrained to follow the result indicated by the Restatement illustration. Consequently, my decision must be that Powder-Power Tool Corp. has not been doing business in Pennsylvania and is not amenable to service there.

Service was also made on General Equipment Company as agent for Powder-Power Tool Corp. However, since all the evidence shows that General Equipment Company had no power to accept service for Powder-Power Tool Corp., this attempt to make service was ineffective.

As to defendant Powder-Power Tool Corp., its motion to dismiss the action will be granted.